Fuld, J.
After plaintiff corporation had discovered that one of its directors, Morton Carlin, had been siphoning off its assets to rescue the latter’s own corporations from collapse, the two parties, represented throughout by lawyers, engaged in extensive negotiations looking toward a settlement. The agreement ultimately adopted, giving evidence of careful thought and draftsmanship, leaves no doubt that it contemplated finality to the settlement and an end to all litigation except that expressly excluded. For his part, Carlin agreed to make payments in satisfaction of the claims against him and, for its part, the plaintiff, in addition to 11 releasing ’ ’ Carlin, agreed that it would not bring ‘ ‘ any suit, against any person whomsoever ’ ’ except those specifically named. “ Oxford,” the plaintiff herein, the agreement of settlement recites,
“ agrees that it will not institute any suit, and as well Webber and Klimerman, in their capacity as stockholders of Oxford, will not institute any suit, against any person whomsoever, except in connection with present or future suits to collect the collateral belonging to Oxford, referred to above, or to proceed against Inland Credit Corporation or The First National *365 City Bank in connection with the said Zaiered suit mentioned above in which Oxford, Webber and Klimerman are parties defendant.”
Following execution of the agreement, the plaintiff brought this action against the defendants who had been employed as the corporation’s sole accountants. The complaint contains three causes of action. The first charges them with aiding and abetting Carlin in drawing off the plaintiff’s assets into Carlin’s other enterprises and concealing these facts from the plaintiff by false financial statements. The other two causes of action charge the defendants (1) with “ gross negligence ” in not having discovered the frauds perpetrated by Carlin and (2) with breach of an agreement to faithfully perform their duties as accountants for the plaintiff. The defendants moved for summary judgment dismissing the complaint, contending that they were protected by, or the beneficiaries of, the plaintiff’s promise in the settlement agreement not to sue “ any person whomsoever ” and that the parol evidence rule prohibits the introduction of oral testimony to prove otherwise. In opposition, the plaintiff maintains that it is entitled to show that the parties to the agreement contemplated that its promise was to encompass not the defendants but only members of Carlin’s family, his associates, members of his organizations and certain business concerns.
The court at Special Term agreed with the defendants and dismissed the complaint. A divided Appellate Division reversed, finding issues presented which required a trial, and granted leave to appeal upon a certified question.
It is too well settled for citation that, if a written agreement contains no obvious or latent ambiguities, neither the parties nor their privies may testify to what the parties meant but failed to state. Although it is sometimes broadly observed that the parol evidence rule has no application to any except parties to the instrument (see, e.g., Robert v. United States Shipping Bd. Emergency Fleet Corp., 240 N. Y. 474, 478; Folinsbee v. Sawyer, 157 N. Y. 196, 198-199), it is clear that in the case of a fully integrated agreement, where parol evidence is offered to vary its terms, the rule operates to protect all whose rights depend upon the instrument even though they *366 were not parties to it. (See, e.g., Commissioner of Internal Revenue v. Dwight’s Estate, 205 F. 2d 298, 301, cert. den. 346 U. S. 871; cf. County Trust Co. v. Mara, 242 App. Div. 206, 207-208, affd. 266 N. Y. 540; see, also, 3 Corbin, Contracts [1960], § 596; 4 Williston, Contracts [3d ed., 1961], § 647; 9 Wigmore, Evidence [3d ed., 1940], § 2446, p. 150.)
In the case before us, the plaintiff’s agreement not to sue “ any person whomsoever” except those specifically named is too clear and precise to admit of evidence that the parties intended to exclude the defendants from this all-inclusive category. (See, e.g., Panichella v. Pennsylvania R. R. Co., 268 F. 2d 72, 75, cert. den. 361 U. S. 932.) It is the very definiteness of the language employed concerning the parties to be relieved of liability which differentiate the present from cases such as Derby v. Prewitt (12 N Y 2d 100) and Cahill v. Regan (5 N Y 2d 292). In sum, the plaintiff corporation’s promise, contained in an integrated agreement reached after lawyer-guided negotiations and containing provisions quite unlike the stereotyped verbiage found in the usual standard general release, permits no conclusion other than that the plaintiff intended to release every one who participated in the Carlin transactions except the parties expressly excluded.
The order of the Appellate Division should be reversed and the order of Special Term reinstated, with costs in this court and in the Appellate Division. The certified question should be answered in the negative.
Chief Judge Desmond and Judges Dye, Van Vooehis, Burke, Foster and Scileppi concur.
Order reversed, etc.