THIRD DEPARTMENT, DECEMBER, 1971

(December 1, 1971)

BEATRICE VINCIGUERRA, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 50524.) — Appeal from an order of the Court of Claims, entered September 10, 1969, which dismissed a claim for damages arising out of an appropriation of real property. The subject property, originally owned by Edward and Anna Zellmer, was leased to the Mobil Oil Corporation on June 26, 1953. Mobil erected improvements upon the property which, under the terms of the lease, were to remain the property of Mobil. On October 17, 1967, there was a partial taking by the State along the front of the subject property. On June 3, 1968, Mobil assigned its lease to Stephen Vinciguerra, who in turn assigned it to his wife, the claimant. The written assignment by Mobil was silent as to any claim for damages arising from the taking. Claimant thereafter exercised an option to purchase the property contained in the lease. The deed from the Zellmers to the claimant specifically reserved to the Zellmers their claim for damages to the land resulting from the appropriation. On December 27, 1968, Mobil entered into an agreement of adjustment with the State "for all legal damages caused by such appropriation * * * including all damages to the remainder of said affected property, if any". On January 14, 1969, claimant filed a claim for consequential damages to the building. The trial court granted the State's motion to dismiss the claim for failure to state a cause of action, the court concluded that there was no specific assignment of any claim, or portion of a claim, to the claimant. It is claimant's position that at the time of the written assignment of the lease from Mobil to Vinciguerra, it was orally agreed between the parties that any award for damages to the overall site, including the building, was to belong to the assignee. The claimant argues herein that the trial court erred in not allowing her to prove the oral agreement. The question is whether claimant is prevented from proving said oral agreement because of the parol evidence rule. That rule would forbid proof of the oral agreement to add to or vary the written assignment. "It does not, however, apply where the written contract was not intended to embody the entire agreement between the parties * * *. Decision in each case must, of course, turn upon the type of transaction involved, the scope of the written contract and the content of the oral agreement asserted" (*Fogelson* v. *Rackfay Constr. Co.*, 300 N. Y. 334, 338, mot. for rearg. den. 301 N. Y. 552). Upon consideration of these factors, we conclude that the contents of the alleged oral agreement would ordinarily be expected to be embodied in the writing.

This brings us to the issue of whether the State, which was not a party to the assignment, may assert the parol evidence rule so as to exclude consideration of the oral assignment asserted by the appellant. In the most recent case on this issue the Court of Appeals stated: "Although it is sometimes broadly observed that the parol evidence rule has no application to any except parties to the instrument (see, e.g., *Robert* v. *United States Shipping Bd. Emergency Fleet Corp.*, 240 N. Y. 474, 478; *Folinsbee* v. *Sawyer*, 157 N. Y. 196, 198–199), it is clear that in the case of a fully integrated agreement, where parol evidence is offered to vary its terms, the rule operates to protect all whose rights depend upon the instrument even though they were not parties to it." (*Oxford Commercial Corp.* v. *Landau*, 12 N Y 2d 362, 365–366.) As we have noted, the written assignment was a fully integrated agreement and thus the only question is whether the State is one whose rights depend upon the instrument even though it was not a party to it. It is true that the State's rights — to be free from appellant's asserted claim — do not directly flow from the instrument, as would be the case if it were a third-party beneficiary, but we do not believe this is controlling. As was stated by the court in *County Trust Co. of N. Y.* v. *Mara* (242 App. Div. 206, 208, affd. 266 N. Y. 540) cited by the Court of Appeals in *Oxford Commercial Corp.* v. *Landau* (*supra*): "The rule was correctly stated by Mr. Justice BISCHOFF in *Spingarn* v. *Rosenfeld* (4 Misc. 523, 527): 'True, the rule does not apply between the parties to the instrument and a stranger; but that is so only when the latter asserts a right independent of, and not growing out of, the instrument, or when the right asserted does not originate in the relations established by the instrument. Otherwise, the rule prevails.'" Since the rights asserted by the State do originate in the relations established by the instrument, the parol evidence rule is applicable in the present case. It follows that the order of the trial court should be affirmed. Order affirmed, without costs. Herlihy, P. J., Aulisi, Staley, Jr., Sweeney and Simons, JJ., concur.