■ ELLEN D. GOLDWATER, Appellant-Respondent, v RICHARD M. GOLDWATER, Respondent-Appellant.—Order, Supreme Court, New York County, entered January 27, 1978, *inter alia,* denying plaintiff's motion for summary judgment and dismissal of the first counterclaim and defense, unanimously modified, on the law, without costs or disbursements, to the extent of dismissing the first defense and counterclaim and awarding plaintiff summary judgment and, except, as thus modified, affirmed. The central issue is whether the husband, who had paid alimony to his wife for 14 years without objection under a separation agreement, was relieved of his obligation to pay support and maintenance because she received income in excess of $35,000 in a calendar year. The applicable provision of the separation agreement provides "if the Wife's gross income, excluding capital gains, from all sources other than that of the Husband exceeds Thirty-Five Thousand ($35,000.00) Dollars in any calendar year, then in any such calendar year the Husband shall not be obligated to make payments to the Wife for her support and maintenance." Special Term found triable issues as to whether the value of gifts received by the wife was to be included in the calculation of her gross income and whether she received income in excess of $35,000 in any calendar year. We find the clause to be clear and unambiguous. If the parties intended to include gifts received by the wife as part of gross income they could have simply so stated. (Indeed, they specifically excluded capital gains.) Where the agreement is unambiguous and complete, neither party may offer testimony as to "what the parties meant but failed to state" *(Oxford Commercial Corp. v Landau,* 12 NY2d 362, 365). Nor does anything in the record support the husband's assertion that his wife received gross income within the meaning of the agreement in excess of $35,000 in any calendar year. Her deposition, as well as the documentation before Special Term, indicate that her income never came within $10,000 of the $35,000 ceiling. We find the contentions urged on the husband's cross appeal to be without merit. Accordingly, the wife is entitled to summary judgment. Settle order on notice. Concur—Kupferman, J. P., Birns, Sandler and Sullivan, JJ.