■ WILLIAM CALLAHAN, Respondent, v MILDRED CALLAHAN, Appellant.— Judgment, Supreme Court, New York County, entered November 30, 1977 after a jury verdict, unanimously modified, on the law, to the extent of directing judgment in favor of the appellant on her first counterclaim in the sum of $13,080, with interest thereon, and otherwise affirmed, without costs and without disbursements. The parties' separation agreement, prepared by respondent's attorney, sets out the terms regarding the purchase of a $45,000 home for the wife, $15,000 in cash from the wife, $15,000 in cash from the husband to be treated as a loan to the wife, and a $15,000 mortgage to be obtained and paid for by the husband. When the husband stopped making the mortgage payments, the wife undertook to pay them. Later, when she sold the house, she paid off the balance of the mortgage. The husband thereupon commenced an action seeking, so far as is relevant on this appeal, repayment of his loan. She in turn counterclaimed for, among other things, $13,080 the amount she paid to satisfy the balance of the mortgage. The crux of this appeal is whether clause (c) of paragraph Fourth of the separation agreement which reads "The Husband shall obtain a mortgage in the sum of $15,000.00, and agrees to pay same." is ambiguous, and was therefore for the jury to interpret. The trial court and the jury were persuaded an ambiguity existed apparently because the agreement did not recite what the parties' obligations were in the event the house was sold. We see nothing in the language of clause (c) of paragraph Fourth, where, incidentally, the phrase "and agrees to pay same" was handwritten and initialed by both parties, for a jury to have ascertained or interpreted. It clearly sets forth an unconditional promise on the husband's part to obtain and pay a $15,000 mortgage. Plain language of this kind is just not subject to testimony as to "what the parties meant but failed to state." *(Oxford Commercial Corp. v Landau,* 12 NY2d 362, 365; *Goldwater v Goldwater,* 63 AD2d 599.) Settle order. Concur—Murphy, P. J., Evans, Markewich and Yesawich, JJ.