Glenese OPPEL, as Assignee of Antonio DiGangi and Giovanni DiGangi, and Glenese Oppel, on behalf of her infant son, Kenneth Oppel, Plaintiff,

v.

EMPIRE MUTUAL INSURANCE COMPANY, Allcity Insurance Company and Raymond J. MacDonnell, Defendants.

No. 81 Civ. 2675.

United States District Court, S. D. New York.

Dec. 17, 1981.

Abbott & Bushlow, Ridgewood, N. Y., for plaintiff; Bruce E. Bushlow, Ridgewood, N. Y., of counsel.

Martin K. Kahn, Brooklyn, N. Y., for defendants Empire Mut. Ins. Co. and Allcity Ins. Co.

Ernest Shapiro, Brooklyn, N. Y., for defendant Raymond J. MacDonnell, New York City.

## OPINION

EDWARD WEINFELD, District Judge.

This is a "bad faith" action against defendant insurance companies for failure to settle a claim, and for malpractice against the attorney designated by the insurance companies to represent the insured. The claim arose out of an automobile accident in which the insured struck the plaintiff's infant son. Plaintiff made a settlement offer to the insurer for the injuries incurred by her son in the amount of $10,000, the full amount of the policy. Plaintiff alleges that the insurer refused the offer and thereafter, upon a trial, plaintiff's son recovered a judgment in the sum of $420,850.25 against the insured. The insured, confronted with

a judgment apparently beyond his capacity to pay, then assigned his "bad faith" claim to his judgment creditor, the plaintiff herein. The defendants moved to dismiss the action on four grounds, and this Court denied the motion.[1] Plaintiff now moves to strike the affirmative defenses enumerated in paragraphs 7, 8, 10, 11, 12 and 13 of the answer, pursuant to Federal Rule of Civil Procedure 12(f).

■ Motions to strike a defense are not generally favored and will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact.[2] Plaintiff moves to strike the affirmative defenses contained in paragraphs 7 and 10 on the ground that they were raised by defendants' motion to dismiss and were fully adjudicated and rejected by this Court. Plaintiff contends that the Court's decision as to these issues is now the law of the case, and the same issues cannot now be raised in defendants' answer. However, even if the Court has previously decided these issues, the doctrine of the law of the case does not prevent the Court from reconsidering them.[3] The doctrine merely expresses the general practice of refusing to reopen what has been decided. It does not constitute a limitation on the Court's power and need not be applied where no prejudice results from its omission.[4] Accordingly, the plaintiff may prevail on the motion to strike these two defenses only if it appears that there is no question of law or fact that should be heard on the merits.

■ Paragraph 7 of the answer asserts lack of subject matter jurisdiction, and plaintiff argues that it should be stricken because the Court in its previous opinion "conclusively ruled that it has subject matter jurisdiction based upon diversity of citizenship." This Court, however, is "duty bound" to dismiss an action whenever it appears that jurisdiction over the subject matter is lacking.[5] In this instance, the motion to dismiss was denied in part on the basis of facts alleged in an affidavit, which the Court accepted as true. The defendants are not foreclosed from again presenting the issue of lack of subject matter jurisdiction and the motion to strike this defense is denied.

■ In paragraph 10, defendants allege that plaintiff's assignor has retained a pecuniary or financial interest in the second cause of action for punitive damages and therefore is an indispensable party. Defendants raised the same factual issue in their motion to dismiss, where they alleged that the assignment had been improperly and collusively made for the purpose of creating diversity jurisdiction. They argued that plaintiff had failed to show that the assignment was real and not merely colorable. In support they stated, as they do now in their affirmative defense, that

1. *Oppel v. Empire Mutual Ins. Co.*, 517 F.Supp. 1305 (S.D.N.Y.1981).

2. *Wellman v. Dickinson*, 79 F.R.D. 341, 349 (S.D.N.Y.1978); *Systems Corp. v. American Tel. & Tel. Co.*, 60 F.R.D. 692, 694 (S.D.N.Y. 1973); *Laub v. Genway Corp.*, 60 F.R.D. 462, 465–66 (S.D.N.Y.1973); *Sample v. Gotham Football Club, Inc.*, 59 F.R.D. 160, 168–69 (S.D. N.Y.1973); *Carter-Wallace, Inc. v. Riverton Laboratories, Inc.*, 47 F.R.D. 366, 367 (S.D.N.Y. 1969); *United States v. Arnhold and S. Bleichroeder, Inc.*, 96 F.Supp. 240, 243 (S.D.N.Y. 1951); 2A Moore's Federal Practice ¶ 12.21, at ·2437 (2d ed. 1975).

3. *See Dictograph Products Co. v. Sonotone Corp.*, 230 F.2d 131, 134 (2d Cir.) ("No one will suggest that the first judge himself may not change his mind and overrule his own order"), *appeal dismissed per stipulation*, 352 U.S. 883, 77 S.Ct. 104, 1 L.Ed.2d 82 (1956).

4. *Slotkin v. Citizens Cas. Co. of N. Y.*, 614 F.2d 301, 312 (2d Cir. 1979), *cert. denied sub nom. American Mutual Ins. Co. v. Slotkin*, 449 U.S. 981, 101 S.Ct. 395, 66 L.Ed.2d 243 (1980); *First Nat'l Bank of Hollywood v. American Foam Rubber Corp.*, 530 F.2d 450, 453 n. 3 (2d Cir.), *cert. denied sub nom. Bushman v. American Foam Rubber Corp.*, 429 U.S. 858, 97 S.Ct. 157, 50 L.Ed.2d 135 (1976).

5. F.R.Civ.P. 12(h)(3); *e.g., Clark v. Paul Gray, Inc.*, 306 U.S. 583, 588, 59 S.Ct. 744, 748, 83 L.Ed. 1001 (1939); *McLearn v. Cowen & Co.*, 660 F.2d 845 (2d Cir. 1981) (Lumbard, J.); *United States v. Burmah Oil Co.*, 558 F.2d 43, 46 (2d Cir.), *cert. denied*, 434 U.S. 967, 98 S.Ct. 511, 54 L.Ed.2d 454 (1972); *Thompson v. N.Y. Cent. R.R.*, 361 F.2d 137, 144–45 (2d Cir. 1966).

[t]he Second Cause of Action seeks punitive damages far in excess of the amount of the judgment obtained, in which there is no declaration whether the assignor reserves any right in said cause of action. . . . [6]

In denying defendants' motion, this Court rejected their allegation that the assignors had retained a pecuniary or financial interest in the action, finding instead that "[t]he assignors by the terms of the assignment have assigned their rights in a bad faith action they have against the insurer." [7]

Review of the assignment documents themselves compel this conclusion. The documents assign

all right, title and interest, claims, causes of action, choses in action, of any nature, kind or description, which each [assignor] individually or collectively has or may have against the said EMPIRE MUTUAL INSURANCE COMPANY, its agents, servants or employees, in any way arising out of [the insurance policy underlying the dispute herein].[8]

This assignment indicates unambiguously that the assignors retained no interest in this action. Moreover, the assignment term is part of a written, integrated and unambiguous contract. Consequently, defendants cannot refute or vary the clear meaning of the assignment with extrinsic evidence of the assignors' alleged retention of an interest.[9] Since no evidence would be admissible in support of defendants' allegation, there is no factual predicate for their affirmative defense that the assignors are indispensable parties.[10] Accordingly, the plaintiff's motion to strike paragraph 10 is granted.

■ The affirmative defense asserted in paragraphs 11, 12 and 13 relate only to defendant Raymond J. MacDonnell, the attorney whom plaintiff accuses of malpractice. Paragraph 11 asserts that the Court lacks personal jurisdiction over the defendant based upon a claim that service of process upon him was improper. He contends that service upon him by certified mail, though sanctioned by local Civil Rule 47, violated Rule 4(d)(1) of the Federal Rules of Civil Procedure. However, under Federal Rule of Civil Procedure 12(h)(1), defendant waived this defense of insufficiency of service of process by omitting it from defendants' pre-answer motion to dismiss.[11] Accordingly, plaintiff's motion to strike paragraph 11 is granted.

■ Paragraph 12 asserts that the action against defendant MacDonnell is barred by the statute of limitations. Plaintiff argues that a three-year limitation period applies to the malpractice action against MacDonnell [12] and the limitation period did not begin to run until the termination of the attorney-client relationship.[13] Plaintiff fur-

---

6. Affidavit of Martin K. Kahn in Support of Motion to Dismiss ¶ 12.

7. *Oppel v. Empire Mutual Ins. Co.*, 517 F.Supp. 1305, 1307 (S.D.N.Y.1981).

8. A second document repeats this language except to substitute defendant "ALLCITY INSURANCE COMPANY" for defendant "EMPIRE MUTUAL INSURANCE COMPANY."

9. *See Lee v. Joseph E. Seagram & Sons, Inc.*, 552 F.2d 447, 451 (2d Cir. 1977); *Meinrath v. Singer Co.*, 482 F.Supp. 457, 460 (S.D.N.Y. 1979); *Intercontinental Planning, Ltd. v. Daystrom, Inc.*, 24 N.Y.2d 372, 300 N.Y.S.2d 817, 248 N.E.2d 576 (1969); *In re Silberman's Will*, 23 N.Y.2d 98, 295 N.Y.S.2d 478, 242 N.E.2d 736 (1968); *Oxford Commercial Corp. v. Landau*, 12 N.Y.2d 362, 239 N.Y.S.2d 865, 190 N.E.2d 230 (1963); *Fogelson v. Rackfay Const. Co.*, 300 N.Y. 334, 90 N.E.2d 881 (1950); *Vinciguer-*

*ra v. State*, 38 A.D.2d 607, 326 N.Y.S.2d 293, 295 (1971).

10. Extrinsic evidence of fraud is admissible to challenge even an integrated and unambiguous contract. However, defendants have not specifically alleged fraud in their affirmative defense, as is required under F.R.Civ.P. 9(b).

11. *See Sangdahl v. Litton*, 69 F.R.D. 641 (S.D. N.Y.1976).

Since defendant received actual notice of the suit, there is no due process problem in applying Rule 12(h)(1) and deeming defendant to have waived his defense of lack of personal jurisdiction by failing to raise it in a timely fashion.

12. N.Y.C.P.L.R. § 214(6).

13. *Citibank v. Suthers*, 68 A.D.2d 790, 418 N.Y. S.2d 679 (1979); *Gilbert Properties, Inc. v. Mill-*

ther contends that the attorney-client relationship between defendant MacDonnell and the insured existed at least until the entry of judgment against the insured in May, 1979, within two years of the filing of this action in May, 1981, and, therefore, the action is not time-barred. While a denial of plaintiff's contention regarding the period of representation would have sufficed to create a factual dispute as to this issue, counsel for defendant goes further and alleges that MacDonnell did not represent the insured through the conclusion of the lawsuit, but instead another attorney was substituted in his place in September, 1977. Consequently, defendant contends, the three-year limitation period passed prior to the filing of this action. Since an issue of fact exists as to this issue, and plaintiff is not prejudiced by the inclusion of this defense,[14] the motion to strike this defense is denied.

Defendants do not object to the motion to strike with regard to paragraph 13 of their answer and the motion is granted as to this paragraph.

 Finally, paragraph 8 asserts as an affirmative defense "[t]hat the Complaint herein fails to state a claim upon which relief can be granted." The paragraph states as an affirmative pleading what could be proved under a general denial. However, even though redundant, there is no prejudicial harm to plaintiff and the defense need not be stricken.[15] Accordingly, the motion to strike as to this paragraph is denied.

In summary, plaintiff's motion to strike is granted as to paragraphs 10, 11 and 13 of the answer, and is denied as to paragraphs 7, 8 and 12.

So ordered.

---

*stein*, 40 A.D.2d 100, 338 N.Y.S.2d 370 (1972); *Siegel v. Kranis*, 29 A.D.2d 477, 288 N.Y.S.2d 831 (1968).

14. *Cf. Sample v. Gotham Football Club, Inc.*, 59 F.R.D. 160, 169 (S.D.N.Y.1973) (motions to strike have been denied even where procedurally appropriate and well founded where no showing of prejudice to moving party); *Federated Dep't Stores, Inc. v. Grinnell Corp.*, 287 F.Supp. 744, 747 (S.D.N.Y.1968); *Lopez v. Resort Airlines, Inc.*, 18 F.R.D. 37, 40, 41 (S.D.N.Y.1955); *Affiliated Music Enterprises, Inc. v. Sesac, Inc.*, 17 F.R.D. 509, 511 (S.D.N.Y.1955);

*Tivoli Realty, Inc. v. Paramount Pictures, Inc.*, 80 F.Supp. 800, 803 (D.Del.1948).

15. *See Sample v. Gotham Football Club, Inc.*, 59 F.R.D. 160, 169 (S.D.N.Y.1973); *Lopez v. Resort Airlines, Inc.*, 18 F.R.D. 37, 40, 41 (S.D.N.Y.1955); *Affiliated Music Enterprises, Inc. v. Sesac, Inc.*, 17 F.R.D. 509, 511–12 (S.D.N.Y.1955); *Tivoli Realty, Inc. v. Paramount Pictures, Inc.*, 80 F.Supp. 800, 803 (D.Del.1948). *Cf. Federated Dep't Stores, Inc. v. Grinnell Corp.*, 287 F.Supp. 744, 747 (S.D.N.Y.1968).