[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Presently before this Court is New Bank of New England's (NBNE) motion to strike defendant's eighth affirmative defense pursuant to Superior Court R.C.P. 12. Alleging that there is no just cause for delay, NBNE also moves this Court to enter an order of final judgment pursuant to R.C.P. 54(b).
In an October 17, 1991 amended decision, this Court, pursuant to Rule 12(b)(6), dismissed all counts of defendant's counterclaim for failure to state a claim under which they were entitled to relief. In that same decision, this Court struck seven of defendant's eight affirmative defenses. Defendants' eighth affirmative defense alleged that NBNE was without standing to bring this cause of action. Since the parties did not address the standing issue in their original memoranda, this Court decided to postpone consideration of defendants' eighth affirmative defense until the parties submitted subsequent memoranda.
A party may prevail on a motion to strike only where it appears that there is no question of law that the court should hear on the merits. Oppel v. Empire Mut. Ins. Co., 92 F.R.D. 494, 496 (S.D.N.Y. 1981). NBNE alleges that there exists no question of law with respect to its standing to bring this cause of action since it properly purchased and assumed all assets of Bank of New England from the Federal Deposit Insurance Co. (FDIC), including the loans involved in this action. It is important to note, however, that this Court is mindful that the FDIC has dissolved NBNE and become the NBNE receiver.
Standing is an access barrier that calls for the assessment of a party's eligibility to pursue a cause of action before the court. Blackstone Valley Chamber of Commerce v. Public Utils.Comm'n, 452 A.2d 931, 932 (R.I. 1982). The essence of the standing issue is whether the party seeking relief has such a personal stake in the outcome of the controversy that ensures concrete adverseness between the parties and sharpens the presentation of important issues. Id. The issue of standing is a threshold issue requiring resolution prior to addressing the merits of the case. Id.
NBNE's supplemental memorandum and supporting documentation clearly indicate that NBNE validly owned the loans under which the defendants are liable. NBNE certainly possesses a sufficient stake in enforcing these debt obligations to confer upon it standing to bring this cause of action. Furthermore, since the FDIC, as receiver, now owns these very same loans, it likewise would have standing to engage in enforcement proceedings.
Superior Court R.C.P. 54(b) provides that the court may, in the exercise of its discretion, direct the entry of final judgment upon an express determination that there is no just cause for delay. Since this Court is satisfied that defendants are precluded, as a matter of law, from maintaining the counterclaims contained in their answer, there exists no just cause for delay in entering final judgment with respect to such counterclaims.
It is clear that both NBNE and the FDIC have a sufficient ownership interest in the loans under which the defendants are liable to provide them with standing to bring this cause of action. Since this Court is satisfied that there is no question as to the standing issue, NBNE's motion to strike defendants' eighth affirmative defense is hereby granted. This Court is also satisfied that since defendants' are precluded from maintaining their counterclaims as a matter of law, there is no just cause for delay in entering final judgment against such counterclaims. Accordingly, this Court grants NBNE's motion for entry of final judgment pursuant to R.C.P. 54(b).
The Court shall accept NBNE's prepared order of final judgment with respect to defendants' counterclaims.