Manuel Beltran **GARCIA**
et al., Plaintiffs,

v.

**BENJAMIMN GROUP ENTERPRISE
INC., et al., Defendants.**

No. 09 CV 2671(SJ).

United States District Court,
E.D. New York.

June 14, 2011.

---

4. For example, Nicole Copeland is jointly and severally liable for $23,420.00.

Beranbaum Menken Ben–Asher & Bierman LLP, by: Bruce E. Menken, Jennifer Lea Smith, New York, NY, for Plaintiffs.

Wilson Elser Moskowitz Edelman & Dickler, LLP, by: Nancy V. Wright, Jennifer A. Yasko, New York, NY, for Defendants.

Thompson Hine, LLP, by: Norman Arthur Bloch, New York, NY, for Defendants.

## MEMORANDUM AND ORDER

JOHNSON, Senior District Judge:

Currently before the Court is Plaintiffs' appeal from United States Magistrate Judge Viktor V. Pohorelsky's ("Judge Pohorelsky" or the "Magistrate") August 25, 2010 order (the "Discovery Order"), in which he denied Plaintiffs' motion to quash Rule 45 subpoenas Defendants served on Plaintiffs' counsel, Bruce E. Menken, for Mr. Menken's deposition testimony and certain documents regarding the negotiations of an agreement settling a prior action between the parties, the alleged breach of which forms the basis of the instant action. (Docket Entry ("DE") 28.) Judge Pohorelsky ordered that "the documents and testimony requested shall be produced within 20 days," and that "the deposition shall be limited to two hours of testimony solely about the provision of the settlement agreement at issue and the negotiations that led to it." (*Id.* at 2.) Plaintiffs contend that the Discovery Order is contrary to law and contains clearly erroneous factual conclusions. The Court has reviewed the Discovery Order pursuant to the applicable deferential standard of review as well as the parties' papers and finds that the Discovery Order is neither clearly erroneous nor contrary to law. Accordingly, Plaintiffs' objections are DENIED and Judge Pohorelsky's August 25, 2010 Discovery Order is affirmed.

## BACKGROUND

The facts at issue in this action, as alleged by plaintiffs, are as follows. Plaintiffs are former employees of Defendants who previously sued Defendants to recover unpaid overtime wages in a class action lawsuit, *Buli v. Benjamin Group Enterprises, Inc. et al.*, No. 06–CV–0573 (RLM), pursuant to the Fair Labor Standards Act (the "FLSA") and New York Labor Law. The parties settled that action and executed a Stipulation and Settlement Agreement (the "Settlement Agreement"). Plaintiffs filed the instant action alleging that they were fired in retaliation for participating in the *Buli* suit and receiving resulting settlement funds, in violation of the FLSA. In June 2010, Plaintiffs requested and were granted permission to amend their Complaint to add a claim for breach of contract based on the alleged violation of Paragraph 54 of the Settlement Agreement. Specifically, Paragraph 54 of the Agreement is headed "No Communication or Retaliation" and provides, among other things, that

> Defendants will not take any adverse action against a Class Member because he participated in the Settlement. They will not take any steps to wrongfully threaten, intimidate or influence any Class Member with Respect to Participation in the Settlement.

(DE 30, Amended Complaint at ¶ 20) (the "Retaliation Provision.") The parties dispute whether the Retaliation Provision barred Defendants from firing Plaintiffs after the dismissal of the *Buli* action and after their claims were paid. Defendants seek discovery of extrinsic evidence to resolve this dispute, including (a) a narrow class of documents related to the Retaliation Provision and (b) deposition of Plaintiffs' present counsel, who also represented the class certified in *Buli* pursuant to a Rule 45 subpoena.

Plaintiffs timely objected to the Discovery Order arguing primarily that the Retaliation Provision is not, as a threshold matter, ambiguous and thus extrinsic evidence is unnecessary and asserting that Defendants have not met this Circuit's standard for permitting the deposition of

opposing counsel, attorney-client, and constitute harassment. (DE 34.) Thereafter Defendants filed an opposition to Plaintiffs' objection. (DE 38.) The Court now rules on Plaintiffs' objections.

## STANDARD OF REVIEW

■ A magistrate judge is empowered by the Federal Magistrate's Act and Federal Rules of Civil Procedure 72 to make findings as to non-dispositive pretrial matters, such as discovery matters, which may not be disturbed by a district judge absent a determination that such findings were "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); FED. R.CIV. P. 72(A); *see also Thomas E. Hoar Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.1990), *cert. denied*, 498 U.S. 846, 111 S.Ct. 132, 112 L.Ed.2d 100 (1990) (finding that pretrial discovery matters "generally are considered 'nondispositive' of the litigation," and thus subject to this deferential standard of review); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) (finding that a motion to quash a subpoena is not nondispositive and thus subject to this deferential standard of review.)

■ Under the "clearly erroneous" standard of review, a district court may reverse a magistrate's finding only if it is "left with the definite and firm conviction that a mistake has been committed." *Mobil Shipping and Transp. Co. v. Wonsild Liquid Carriers, Ltd.*, 190 F.3d 64, 67–68 (2d Cir.1999) (*quoting Anderson v. Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)) (internal quotations omitted); *see also United States v. U.S. Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir.2004). Similarly, under the "contrary to law" standard of review, a district court may reverse a finding only if it finds that the

magistrate "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." *Catskill Dev., LLC v. Park Place Entm't*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (internal quotations omitted). Pursuant to this highly deferential standard of review, magistrate judges are thus afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused. *See Conway v. Icahn*, 16 F.3d 504, 510 (2d Cir.1994). "A court abuses its discretion when its decision rests on an error of law or on a clearly erroneous factual finding, or when its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Arista Records*, 604 F.3d at 117 (internal citation omitted). Thus "a party seeking to overturn a discovery order bears a heavy burden." *AP Links, LLC v. Global Golf, Inc.*, No. 08–CV–1730, 2011 WL 888261, at *4 (E.D.N.Y. Mar 14, 2011) (internal citations omitted).

## DISCUSSION

### A. Federal Rules of Discovery

■ The Federal Rules of Civil Procedure (the "Rules") authorizes discovery of "any non-privileged matter that is relevant to any party's claims or defense." FED. R.CIV. P. 26(B)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Thus, as the Second Circuit observed, the "deposition-discovery regime set out by the Federal Rules of Civil Procedure is an extremely permissive one." *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 68 (2d. Cir.2003). On the other hand, the Rules also empower district courts with "broad discretion to manage" or otherwise limit discovery based on the circumstances. *Id.* at 69. As

a general matter, Rule 26 provides that a court may limit discovery in instances upon a determination that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case ... [and] the importance of the proposed discovery in resolving the issues," among other things. Fed.R.Civ.P. 26(b)(2)(c)(iii). Additionally, with respect to subpoenas in particular, Rule 45 provides that a subpoena may be quashed where, among other things, it "requires disclosure of privileged or other protected matter and no exception or waiver applies," or "subjects the person to undue burden." Fed. R.Civ. P. 45(c)(3)(A)(iii), (iv). The determination of whether a subpoena imposes upon a witness an "undue burden" depends upon, among other factors, relevance, the need of the party for the information, and the breadth of the information requested. *See In the Matter of Nova Biomedical Corp. v. i-STAT Corp.*, 182 F.R.D. 419, 422–23 (S.D.N.Y. 1998) (citations omitted).

## B. New York Contract Law

■■■ The crux of Plaintiffs' objections is that the Retaliation Provision is non-ambiguous, making extrinsic evidence unnecessary, and the Magistrate erred in failing to decide this issue before denying the motion to quash. Under New York Law, construction of a written agreement or instrument presents a question of law for the court unless a provision is ambiguous, requiring parol evidence of the parties' intent. *Federal Deposit Ins. Corp. v. Herald Sq. Fabrics Corp.*, 81 A.D.2d 168, 439 N.Y.S.2d 944, 952 (1981), *appeal dismissed.* 55 N.Y.2d 602, 447 N.Y.S.2d 1025, 431 N.E.2d 643 (1981). The parol evidence excludes admission and consideration of extrinsic evidence concerning the meaning of provisions of a written agreement or instrument—such as documents concerning the drafting history of a provision—

where the relevant terms are unambiguous. *Ackoff–Ortega v. Windswept Pacific Entm't Co.*, 120 F.Supp.2d 273, 282 (S.D.N.Y.2000) (citing *Wells v. Shearson Lehman/American Express, Inc.*, 72 N.Y.2d 11, 530 N.Y.S.2d 517, 526 N.E.2d 8 (1988); *Oxford Commercial Corp. v. Landau*, 12 N.Y.2d 362, 239 N.Y.S.2d 865, 190 N.E.2d 230 (1963)); *see also Kass v. Kass*, 91 N.Y.2d 554, 673 N.Y.S.2d 350, 696 N.E.2d 174, 180 (1998) ("Ambiguity is determined by looking within the four corners of the document, not to outside sources.")

■■■ Accordingly, there is, at first blush, some force to Plaintiffs' contention that Defendants should not be allowed to conduct broader discovery relating to the drafting history of the Retaliation Provision. The Court nevertheless finds that it was not clearly erroneous or contrary to law for the Magistrate to rule that such information is discoverable, without deciding whether the information is ultimately admissible. The parol evidence rule is "a rule of substantive law and not of evidence." *Long Island Trust Co. v. International Institute for Packaging Ed., Ltd.*, 38 N.Y.2d 493, 381 N.Y.S.2d 445, 344 N.E.2d 377, 381 (1976). Thus, where a party asserts that extrinsic evidence is necessary only to explain the meaning of the language employed in a provision of an agreement, as defendants do here, it is not clear error or contrary to law to allow some discovery on the issue rather than to preclude the development of this potential claim and/or defense. *See, e.g., Schlenger v. 310 Canal Street Corp.*, 272 A.D. 761, 70 N.Y.S.2d 140, 140 (1st Dept.1947), *appeal denied, Schlenger v. 310 Canal Street Corp.*, 272 A.D. 815, 72 N.Y.S.2d 258 (allowing extrinsic evidence, notwithstanding the parol evidence rule, where plaintiff sought to introduce extrinsic evidence to explain the meaning of a the language of a

provision). Additionally, this case is still in its discovery phase, and documents and materials may be discovered if it is non-privileged, relevant and reasonably calculated to lead to admissible evidence. FED. R.CIV.P. 26(B)(1). Moreover, nothing prevents Plaintiffs from making their arguments again at a later stage. Thus, even if the Court were to ultimately conclude that that the Retaliation Provision is unambiguous, Defendants need not be precluded from discovering evidence that may present an ambiguity.

■ Finally, the deposition of Plaintiffs' counsel does not offend the law of this Circuit. As the Magistrate correctly observes, the Second Circuit has emphasized that the deposition-discovery regime of the Federal Rules of Civil Procedure requires "a flexible approach to lawyer depositions whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d at 72. In this case, the Discovery Order carefully defines the parameters of the testimony that Plaintiffs' counsel would be required to provide, and thus strike the appropriate balance between the interests of the parties.

Finally, the Court has reviewed the remaining arguments, along with the authority relied on by Plaintiffs in their objection to the Discovery Order finds them unpersuasive. In sum, the Court is accordingly not left with the "definite and firm conviction" that Judge Pohorelsky committed a mistake denying Plaintiffs' motion to quash, *see Mobil Shipping*, 190 F.3d at 67–68, or is either clearly erroneous or contrary to the Federal Rule of Civil Procedure 26 and the caselaw in this Circuit governing deposition of opposing counsel, *Friedman*, 350 F.3d 65. Accordingly the Court denies Plaintiffs' objection to the Discovery Order. Plaintiffs must produce the requested documents and testimony as described in the Discovery Order.

## CONCLUSION

Having reviewed the parties' submissions and Judge Pohorelsky's August 25, 2010 Discovery Order, and for the reasons stated above, it is hereby

ORDERED, that Plaintiffs' motion to set aside Judge Pohorelsky's decision denying their motion to quash is DENIED, and it is further

ORDERED, that Judge Pohorelsky's August 25, 2010 Discovery Order is affirmed.

SO ORDERED.