TRADERS' NATIONAL BANK OF ROCHESTER, Respondent, *v.* JACOB LASKIN et al., Doing Business under the Firm Name of J. LASKIN & SONS, Appellants.

Evidence — action on promissory notes — defense that defendants were accommodation indorsers for a third party, and that they were secured by mortgage given by said third party which plaintiff agreed to accept as collateral security — parol evidence — when evidence of such parol agreement not inadmissible as contradictory of the terms of the mortgage.

1. A written agreement does not exclude proof of a parol agreement made even between the same parties, where the written contract is

not intended to embody the whole agreement and does not on its face purport to cover completely the subject-matter of the alleged collateral agreement. Difficulties may arise in the application of the so-called parol evidence rule, but it has never been held that a written agreement between two parties excludes proof of an additional parol agreement between one of those parties and a third party.

2. Defendants, as copartners, made and delivered to the plaintiff bank two promissory notes given in renewal of other notes for similar amounts made by a third party and indorsed by defendants at his request. In an action brought by plaintiff upon these notes defendants interposed an answer alleging that at the time of the delivery of the notes to the bank they also delivered to it as collateral security a mortgage upon real property made by said third party and his wife, which security the bank agreed to receive and apply upon the notes and thereby relieve the defendants from any obligation upon the notes unless there should arise a deficiency upon the foreclosure of said mortgage. The mortgage also stated that it was given as security for the payment of any and all indebtedness of the mortgagor upon credits extended to him by the bank. Before the beginning of this action defendants demanded from the bank the return to them of said mortgage and offered to pay the notes in question upon the release of the mortgage. The bank, however, foreclosed the mortgage, subject to certain prior liens, and applied the proceeds to the payment of other notes made by the mortgagor which existed before the making and delivery of the notes in question, so that there was no balance to pay the latter notes. Upon the trial defendants offered to prove, in substance, that this mortgage was to be held primarily to secure notes of the mortgagor indorsed by defendants, that the defendants would make good any deficiency in the payment of such notes and that if there was a surplus it might be applied to other indebtedness to the bank. This evidence was excluded upon the ground that no such defense was pleaded. Defendants then offered to prove an oral agreement was made with the vice-president of the bank that the mortgage was to be held by the bank as collateral for the two notes indorsed by defendants upon which the action was brought, and any renewals thereof, and that, in case there should be any deficiency, the defendants would pay the same. This evidence was excluded upon the ground that it tended to vary or contradict the terms of the mortgage. These rulings were erroneous. The rights asserted by the defendants do not arise from the contract embodied or intended to be embodied in the mortgage, nor do they contradict the terms of the contract between the mortgagor and the mortgagee, but they arise from the independent parol agreement alleged to have been made between the plaintiff and the defendants. The agreement is not inconsistent with any terms

of the mortgage and does not affect any rights which may be claimed by either party to the mortgage against the other.

*Traders Nat. Bank* v. *Laskin*, 207 App. Div. 18, reversed.

(Argued June 7, 1924; decided July 5, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 20, 1923, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

*William W. Armstrong* for appellants. Appellants sought to show that by a separate, independent, oral agreement between respondent and appellants, respondent agreed that it would hold the mortgage for the protection of appellants' indorsements. (*Schultz* v. *Plankinton Bank*, 141 Ill. 116; *Johnston* v. *Abresch Co.*, 68 L. R. A. 934.) Appellants' rights originated in the oral agreement and the relation created by it and neither originated in the relation established by the mortgage nor are founded upon the mortgage. (*McMaster* v. *Ins. Co.*, 55 N. Y. 222; *Hankinson* v. *Van Tine*, 152 N. Y. 20.) Evidence of the oral agreement was competent. (*Chester* v. *Bank of Kingston*, 16 N. Y. 336; *Bainbridge* v. *Richmond*, 17 Hun, 391; 78 N. Y. 618; *Medical College Lab.* v. *N. Y. University*, 76 App. Div. 48, 59; 178 N. Y. 153; *Leask* v. *Horton*, 39 Misc. Rep. 144; *Heburn* v. *Reynolds*, 73 Misc. Rep. 73; *Hutchins* v. *Hebbard*, 34 N. Y. 24; *Truscott* v. *King*, 6 N. Y. 147; *Smith* v. *Dotterweich*, 200 N. Y. 299; *Chapin* v. *Dobson*, 78 N. Y. 74; *Eighmie* v. *Taylor*, 98 N. Y. 288.)

*Clarence W. McKay* for respondent. There was no error in excluding evidence of the alleged oral agreement accompanying the delivery of the mortgage. (*Reynolds* v. *Robinson*, 110 N. Y. 654; *J. B. College* v. *Allen*, 172 N. Y. 291; *Smith* v. *Dotterweich*, 200 N. Y. 299; *Eighmie*

v. *Taylor,* 98 N. Y. 288; *Thomas* v. *Scutt,* 127 N. Y. 133; *Stowell* v. *Greenwich Ins. Co.,* 163 N. Y. 298; *Mead* v. *Dunlevie,* 174 N. Y. 108; *Worrall* v. *Munn,* 5 N. Y. 229; *Braham* v. *Bingham,* 26 N. Y. 483; *Wallace* v. *Bedell,* 97 N. Y. 13.) The defendants are not strangers to the contract. (*Selchow* v. *Stymus,* 26 Hun, 145; *Traders Nat. Bank* v. *Washington W. P. Co.,* 22 Wash. 467; *Minneapolis, St. P. & S. S. M. R. Co.* v. *Home Ins. Co.,* 55 Minn. 236; *Johnston* v. *Abresch Co.,* 123 Wis. 130; *Thomas* v. *Truscott,* 53 Barb. 200; *Ransom* v. *Wichstrom,* 84 Wash. 419; *Schultz* v. *Plankinton Bank,* 141 Ill. 116; *Spingarn* v. *Rosenfeld,* 4 Misc. Rep. 523.) The proceeds of the mortgage were not misappropriated. (*Farren* v. *MacDonald,* 74 Hun, 176; *Bank of California* v. *Webb,* 94 N. Y. 467; *Shepard* v. *Stull,* 43 N. Y. 52; *Harding* v. *Tifft,* 75 N. Y. 461; *Nat. Bank* v. *Bigler,* 83 N. Y. 51.)

LEHMAN, J. On March 20, 1922, the defendants, as copartners doing business under the firm name of J. Laskin & Sons, made and delivered to the plaintiff their promissory note for the sum of $6,000, payable to the plaintiff's order three months from date. On the next day they made and delivered a similar note for the sum of $3,200. In this action, brought by the plaintiff upon these notes, the defendants have pleaded as a defense and counterclaim that the notes in suit were given in renewal of other notes, for similar amounts made by one Hurwitz to the order of this plaintiff and indorsed by these defendants at the request of the said Hurwitz; that at the time of the delivery of the notes, the defendants delivered to the bank as collateral security for their payment a mortgage made by said Hurwitz and his wife upon real property located in the city of Rochester, New York; " and that the said bank agreed at the time of its receiving the said security from these defendants to apply the same and to relieve the defendants from any obligation upon the said notes unless there should

arise a deficiency upon the foreclosure of said security; and further agreed that upon the payment of said notes that it would deliver to these defendants the said mortgage so held as security; that prior to the commencement of this action the defendants demanded the return of said security to them and offered to pay the said notes upon release of said security, and the plaintiff has at all times refused to carry out its agreement and to return the said security and still refuses so to do."

At the trial the plaintiff conceded that the notes in suit were given in renewal of the original notes made by Hurwitz and indorsed by the defendants. It is not disputed that the notes in suit constituted additional security for Hurwitz' original obligation. The defendants produced testimony to show that at the time they delivered the original notes indorsed by them they also delivered a mortgage made by Hurwitz and his wife on certain real estate in Monroe county, and this mortgage provided that " this grant is intended as a continuing security for payment of any and all indebtedness or liability of any kind which the mortgagee now holds or may hereafter hold against the said Paul Hurwitz, and all renewals thereof, or any part thereof, and all such indebtedness or liability upon which the term of credit has been or may hereafter be extended to an amount not to exceed Twenty thousand Dollars ($20,000) at any one time." It is conceded that the premises covered by the mortgage were sold by the plaintiff for the sum of $17,000, subject to certain prior liens, and the plaintiff applied the proceeds, *first,* to indebtedness of the said Hurwitz to the bank existing prior to the giving of the notes indorsed by the defendants, and *second,* to the payment of any notes of said Hurwitz for which it did not have other or additional security, or upon which there were no indorsements; and that after the proceeds were so applied there was no balance remaining which could be applied upon the notes which were indorsed by the defendants.

The defendants then offered to prove that when they delivered this mortgage to the plaintiff they stated that " they were authorized to deliver the mortgage in question to the bank in consideration of a loan to the bank of moneys to Hurwitz upon obligations to be indorsed by Jacob Laskin & Sons and that the mortgage was to be held by the bank primarily to secure loans that should be so made, and that Jacob Laskin & Sons would pay any deficiency which occurred upon these obligations, and that if there was a surplus it might be applied upon the other indebtedness to the bank." This testimony was excluded upon the ground that no such defense was pleaded. The defendants then offered to prove " that on or about June 21, 1921, at the time of the loan from the Traders' National Bank of the original $6,000, Mr. Laskin delivered the mortgage in question to Mr. Trimble, vice-president of the bank, as collateral security for the payment of that note and the other one that was made the following day of $3,200, or any renewals thereof upon which Jacob Laskin & Sons should be indorsers and that in case any deficiency occurred therein that Jacob Laskin would pay such deficiency." This testimony was excluded on the ground that it tended to vary or contradict the terms of the mortgage. Thereafter the trial judge sustained objections to appropriate questions intended to elicit testimony in accordance with these offers, and then directed a verdict in favor of the plaintiffs.

We think that these rulings were erroneous. The defendants may assert no rights under the mortgage which are inconsistent with its terms and which are based upon a claim that the mortgage does not embody the terms of the actual contract made between the parties to the instrument, but their claim is that when they delivered to the plaintiff a mortgage which gave the plaintiff a lien upon the property of Hurwitz as security for all· obligations of Hurwitz, the plaintiff made an agreement, not with Hurwitz but with them, that the plaintiff would

hold the mortgage as collateral security for the notes made by Hurwitz and indorsed by them and would enforce the mortgage only as security for such indebtedness. The rights now asserted do not arise from the contract which was embodied or intended to be embodied in the mortgage, nor do they contradict the terms of the contract between mortgagor and mortgagee, but they arise from the independent agreement alleged to have been made between the plaintiff and the defendants. The defendants by their indorsement in effect agreed to become sureties for some of Hurwitz's obligations, and they had the right to enter into that contract upon any terms agreed upon by the parties thereto. They had an interest in seeing that any collateral held by the plaintiff which secured Hurwitz's obligations should be applied upon those obligations of Hurwitz upon which they were liable with Hurwitz, rather than on Hurwitz's other obligations, and they now claim that they agreed to incur such liability only upon the agreement of the plaintiff that it would apply the proceeds of the mortgage made by Hurwitz upon the obligations evidenced by the notes indorsed by them, and would return the mortgage to them when those notes were paid. If a written agreement to that effect had been made between the parties, the plaintiff would still have remained in a position where it could enforce the mortgage made by Hurwitz according to its terms; but if, after it did enforce the mortgage according to its terms, it applied the proceeds contrary to the terms of such agreement with the defendants, it would become liable to the defendants for its breach of contract. The alleged agreement between the plaintiff and the defendants' would not alter the written agreement between plaintiff and Hurwitz, but it would give the defendants the right to demand that the plaintiff should use the written agreement with Hurwitz only in accordance with the agreement made with them.

The general rule applicable to these facts is well established. A written agreement does not exclude proof

of a parol collateral agreement made even between the same parties, where the written contract is not intended to embody the whole agreement and does not on its face purport to cover completely the subject-matter of the alleged collateral agreement. Difficulties may arise n the application of the so-called parol evidence rule, but it has never been held that a written agreement between two parties excludes proof of an additional parol agreement between one of these parties and a third party. The defendants are not parties to the mortgage, though they may have delivered the mortgage as agents of the mortgagors. The alleged agreement which they seek to prove is not inconsistent with any terms of the mortgage and does not affect any rights which may be claimed by either party to the mortgage against the other. The defendants claim no rights under the terms of the mortgage nor in contradiction of these terms, and since the defendants did not own the property which was mortgaged, they could not appropriately have been made parties to the mortgage, and no ground exists for holding that the mortgage embodies not merely the agreement with the mortgagor but also all agreements made with the defendants as to the use to which the proceeds of the mortgage should be put if it should be enforced in accordance with its terms. Without now analyzing each case upon which the plaintiff relies, we may point out that these facts distinguish all these cases from the one under consideration.

The Appellate Division recognized that a parol agreement made with the plaintiff which should merely determine the order of application of the proceeds of the mortgage would not vary or contradict the terms of the mortgage, but it held that the contract alleged in the defense and counterclaim would contradict the terms of the mortgage because the mortgage purports to secure all indebtedness of Hurwitz, while under the alleged parol contract the mortgage would not be held as security for

any of Hurwitz's obligations, but solely as security for defendants' notes. This distinction seems to us to overlook the fact that the notes of the defendants were given as additional security for Hurwitz's obligation, and the defendants are seeking to have the security given by Hurwitz applied on Hurwitz's obligations for which their notes are security, and also the fact that the defendants' claim that the mortgage should be held solely as security for these obligations arises not from the contract between mortgagor and mortgagee but from the terms of an additional contract made with the defendants which could not be appropriately embodied in the mortgage.

The judgments should be reversed and a new trial ordered, with costs to appellants to abide the event.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.