Chief Judge Cooke
(dissenting). The majority today wholly misapplies the parol evidence rule to a situation where it is simply not involved.
This case involves two separate and distinct agreements, with different parties and different subject matter. The majority overlooks this basic fact.
The parol evidence rule states “that evidence of what was said between the parties to a valid instrument in writing, either prior to or at the time of its execution, cannot be received to contradict or vary its terms” (Thomas v Scutt, 127 NY 133, 137 [emphasis added] ; see, also, 9 Wigmore, Evidence [3d ed], § 2426, p 79; Richardson, Evidence, [10th ed], §§ 601-603, pp 598-599). The majority recognizes that the rule applies to “all prior or contemporaneous negotiations between the parties offered to contradict or modify the terms of their writing” (p 387 [emphasis added]).
As this court stated, “[difficulties may arise in the application of the so-called parol evidence rule, but it has never been held that a written agreement between two parties excludes proof of an additional parol agreement between one of these parties and a third party” (Traders’ Nat. Bank of Rochester v Laskin, 238 NY 535, 542; see, also, Fisch, New York Evidence [2d ed], § 46, pp 26-27; 1 Mottla, New York Evidence, Proof of Cases [2d ed], § 143, p 163).
Here, there were two separate, discrete agreements. One was the security agreement executed between defendants and plaintiff Marine Midland in return for the bank’s loan to defendants of the money to buy Conelec’s debentures. The other agreement involved Marine Midland and Conelec it *390 self. As expressed in Conelec’s letter of January 23, 1969 to the bank, Conelec pledged its equipment as security for both the loans to defendants and for Conelec’s own debentures.
The majority asserts that any attempt to introduce evidence of an oral conversation in which plaintiff allegedly promised to apply Conelec’s equipment first in case of default by defendants on their notes to plaintiff is barred by the parol evidence rule. Standing by itself, this would be correct, because such a conversation would be introduced to contradict or vary the terms of the security agreement between defendants and plaintiff, which stated that plaintiff could accept or release additional collateral for the notes.
The parol evidence rule does not, however, bar consideration of the separate agreement between Conelec and plaintiff. This point seems to be the one missed by the majority. As explained, this is because it is simply a different agreement by different parties, not an attempt by defendants and plaintiff to modify or contradict the terms of their security agreement. With respect to the discrete agreement between Conelec and plaintiff, parol evidence of a promise by plaintiff to apply Conelec’s equipment first upon any default by Conelec on the debentures merely explains Conelec’s letter to plaintiff and does not contradict it. Such evidence is therefore not barred by the parol ‘evidence rule. Although the Conelec-Marine Midland letter states that plaintiff should look to defendants personally before looking to Conelec’s equipment, this condition was applicable only if defendants defaulted on the notes. In fact, Conelec defaulted on its own debentures nearly three years before defendants defaulted, and the condition therefore did not come into play. The evidence concerning plaintiff’s alleged promise to apply Conelec’s equipment to the debentures was therefore not barred by the parol evidence rule, and could be considered in connection with defendant’s claim that plaintiff should have applied Conelec’s equipment to the debentures rather than to direct loans made by plaintiff to Conelec. It should be noted that Justice Herlihy’s opinion at the Appellate Division was joined by all members of the court on this point.
The majority asserts that “no parol evidence, whatever its source, may be received which is inconsistent with the ex *391 press terms” of the security agreement between defendants and plaintiff. This is not a statement of the parol evidence rule, but rather the creation of a new rule of law that bars introduction of any evidence, even a completely separate contract between other persons, that bears in any way upon the rights of the parties to a security agreement. The majority has given no reason for making such a radical departure from well-settled rules of law.
For these reasons, the order appealed from and the order of the Appellate Division brought up for review should be affirmed.
Judges Jones, Fughsberg and Meyer concur with Judge Jasen; Chief Judge Cooke dissents and votes to affirm in a separate opinion in which Judges Gabrielli and Wachtler concur.
Order appealed from and order of the Appellate Division brought up for review reversed, etc.