■ 146 WEST 45TH STREET CORP. et al., Respondents, v FRANK McNALLY et al., Appellants.—Order, Supreme Court, New York County (Alfred Toker, J.), entered December 2, 1991, which granted petitioners' application pursuant to section 19 (6) of the Lien Law to vacate the mechanic's lien in the sum of $342,111.92 filed by the appellants against real property located at 143-153 West 44th Street and 139-141 West 45th Street, New York ("the subject premises"), unanimously affirmed, without costs.

The IAS Court properly found that the appellants' failure to comply with the statutory service and filing requirements of Lien Law § 11, requiring the lienor to serve a copy of the notice of lien upon the owner within thirty days *after* filing the notice of lien, and expressly stating that the failure to file

a proof of such service within thirty-five days after the notice of lien is filed "shall terminate the notice as a lien", mandates vacatur of the mechanic's lien purportedly filed by the appellants against the subject premises.

Appellants, while conceding that they failed to satisfy the requirements of Lien Law § 11, contend that their "substantial compliance" with the service and filing requirement is sufficient, in accordance with Lien Law § 23. The language of Lien Law § 11, however, is clear and unambiguous, and mandates vacatur of mechanic's liens in the absence of strict compliance by the lienor with the provisions thereof *(Matter of Hui's Realty v Transcontinental Constr. Servs.,* 168 AD2d 302, *lv denied* 77 NY2d 810; *Murphy Constr. Corp. v Morrissey,* 168 AD2d 877).

We have reviewed the appellants' remaining claims and find them to be without merit. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.