■ ANTHONY J. MARINELLI, Appellant-Respondent, v UNISA HOLDINGS INC. et al., Respondents-Appellants. [655 NYS2d 495] —Order, Supreme Court, New York County (Walter Schackman, J.), entered May 2, 1996, which granted defendants' motion to dismiss to the extent of dismissing plaintiff's first, second, third, fourth, fifth, sixth and seventh causes of action, and denied the motion with respect to the eighth and ninth causes of action, unanimously modified, on the law, to deny the motion as to the first, second, third and fourth causes of action, and to reinstate said causes of action, and otherwise affirmed, without costs.

The "best efforts" promises were made by defendants Unisa Holdings and Bear Stearns, neither of which was a party to the written employment agreement. That agreement was solely between defendant Unisa America and plaintiff; thus, the parol evidence rule is not applicable since the alleged oral promise was made by one not a party to the written agreement. Even if the parol evidence rule applied, the standard for the introduction of an oral promise was satisfied here. The "best efforts" agreements are collateral, they do not conflict with the employment agreement and they would not reasonably be expected to be found there (*Mitchill v Lath*, 247 NY 377, 381-382). For these reasons, the first, second and third contract-related causes of action are reinstated. On a motion to dismiss for legal insufficiency, the allegations of the complaint are to be liberally construed and the court need only determine that a cause of action has been stated (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275).

Plaintiff has also set forth sufficient allegations to support his fourth cause of action for fraud since the subject allegations give rise to the inference that defendants never intended to fulfill their promise to use "best efforts" to sell Unisa Holdings.

We have considered the parties' remaining contentions for affirmative relief and find them to be without merit. Concur—Nardelli, J. P., Rubin, Mazzarelli and Andrias, JJ.