### Stanton SCHERER and Anthony DiBiase, Plaintiffs–Appellants,

v.

### Peter KANE,[1] Defendant–Appellee,

### MH Health Care Publications, MacLean Hunter Publishing Limited, and Mac-Lean Hunter Limited, Defendants.

### No. 06–5436–cv.

United States Court of Appeals, Second Circuit.

July 16, 2008.

---

1. As noted in the memorandum and order of the district court, below, Defendant Gaildon Medical System, Inc. was previously dismissed as a party to the suit. *See Scherer v. Kane*, 2006 WL 3375639, at *1 (S.D.N.Y. Nov.17, 2006). The Clerk of Court is instructed to change the official caption accordingly.

Mark L. McAlpine, McAlpine & Associates, P.C., Auburn Hills, MI, for Plaintiffs–Appellants.

Richard F. Markert, Bleakley Platt & Schmidt LLP, White Plains, NY, for Defendant–Appellee.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, and Hon. JOHN G. KOELTL,[2] District Judge.

## SUMMARY ORDER

Plaintiffs–Appellants Stanton Scherer and Anthony DiBiase appeal from an order granting the Defendant–Appellee's motion

---

**2.** The Honorable John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(b), and in the alternative, granting the Defendant's motion for a new trial pursuant to Federal Rule of Civil Procedure 59, and denying the Appellants' cross-motion for judgment as a matter of law as to prejudgment interest. The order followed a one-week jury trial that resulted in a favorable verdict for the Plaintiffs, awarding them $5.145 million in damages for the alleged breach of a verbal contract with the Defendant, but denying the Plaintiffs prejudgment interest. Familiarity is assumed with respect to the facts, the procedural context, and the issues on appeal.

The Plaintiffs allege that sometime soon after December 1987 they entered into a verbal agreement with the Defendant to develop a "business" or an "enterprise." Under the terms of the alleged oral agreement, following its development by the parties, the enterprise would be sold, with the proceeds of such sale to be shared equally between Kane, on the one hand, and Scherer and DiBiase on the other. The alleged verbal agreement was said to be separate from a written licensing agreement adopted at around the same time between the respective companies represented by the Plaintiffs and the Defendant.

Under the written licensing agreement, the Dutch company Medi–Fax International B.V. ("MFI"), for whom Kane worked, licensed certain intellectual property, including the Medi–Fax Marketing System, to New York-based Medical Education Network ("MEN–US"), represented by Scherer, and to Canadian-based Medical Education Network Canada ("MEN–Canada"), represented by both Scherer and DiBiase. The Plaintiffs claimed that Gaildon Medical Systems, Inc. ("Gaildon"), a Canadian company formed in 1993 and wholly owned by Kane, later assumed the rights of the Medi–Fax Marketing System in North America and also entered into licensing agreements with MEN–US and MEN–Canada.

The Plaintiffs allege that the Defendant breached his verbal contract with the Plaintiffs when, in 1994, he (on behalf of Gaildon) entered into a separate agreement with a Canadian company, MacLean Hunter ("MacLean"), in which Kane gave MacLean the rights to the Medi–Fax Marketing System, for royalty payments to Gaildon. The Plaintiffs further allege that, in 2000, MacLean entered into a termination agreement with Gaildon, with payment of a "lump sum" amount to Gaildon. The total gain to Gaildon from both the licensing to MacLean and the subsequent termination fee was $10.29 million, of which the Plaintiffs claimed entitlement to half (or, $5.145 million, the damages awarded by the jury) pursuant to their alleged oral contract with Kane.

The district court granted Kane's motion for judgment as a matter of law on three alternate grounds: (1) first, the parol evidence rule barred evidence of a verbal agreement where, as here, the purported agreement allegedly contradicted the terms of the fully-integrated written licensing agreements governing the same subject matter; (2) second, the Plaintiffs failed to offer any evidence to support their theory of contract formation; and (3) third, the Plaintiffs likewise failed to offer evidence of damages resulting from the alleged breach.

Judgment as a matter of law is appropriate when "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed.R.Civ.P. 50(a); Fed.R.Civ.P. 50(b). We review *de novo* a district court's grant of the Defendants' motion for judgment as a matter of law pursuant to Rule 50. *Jarvis v. Ford Motor Co.*, 283 F.3d 33, 43 (2d Cir.2002). "[W]e

are required to consider the evidence in the light most favorable to the party against whom the motion was made and to give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence." *Black v. Finantra Capital, Inc.*, 418 F.3d 203, 208–09 (2d Cir.2005) (internal quotation marks omitted). "A court evaluating [a Rule 50] motion cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury." *Id.* at 209 (internal quotation marks omitted).

■ We conclude that the evidence, taken in the light most favorable to the Plaintiffs, was not so insufficient that no reasonable juror could have found in the Plaintiffs' favor. *See Davis v. Rodriguez*, 364 F.3d 424, 432 (2d Cir.2004). The jury was entitled to find that there was an oral contract entered into by Kane, Scherer and DiBiase. In particular, the jury was entitled to find Scherer's testimony as to the existence of the contract credible, and to credit the corroborative evidence introduced by the Plaintiffs that supported their claim that Kane reiterated his promises over the years. This corroborative evidence included Kane's February 14, 1994 letter to Scherer stating that Gaildon would "share on an equal basis" the proceeds of the sale to MacLean Hunter. Additionally, Kane himself testified to plans to share 50% of the proceeds of the MacLean deal with the Plaintiffs, and the jury was entitled to conclude that this equal sharing of the proceeds was based on the alleged prior agreement and was not simply gratuitous. The jury was also entitled not to credit Kane's testimony that the plan was abandoned in 1994 when Kane executed the deal with MacLean Hunter.

■ The parol evidence rule did not bar the Plaintiffs from introducing evidence to prove that an oral contract existed. The district court held that the essential purpose of the alleged oral agreement was embodied in a fully integrated contemporaneous written agreement between MEN and MFI. However, the jury reasonably could have concluded that the purposes of the oral agreement were broader than, and not inconsistent with, the MEN–MFI license. *See Lee v. Joseph E. Seagram & Sons, Inc.*, 552 F.2d 447, 451–53 (2d Cir. 1977). Furthermore, the fact that the individual Plaintiffs and Defendant were not themselves parties to the agreement between MEN and MFI supports the conclusion that the parol evidence rule should not be used to bar the separate oral agreement among those persons. *See, e.g., Louis Dreyfus Corp. v. ACLI Int'l, Inc.*, 52 N.Y.2d 736, 436 N.Y.S.2d 268, 417 N.E.2d 562, 563 (1980).

■ There was also sufficient evidence for a reasonable jury to conclude that Kane was the beneficiary of $10.29 million and that the Plaintiffs were entitled to half of those funds. Kane testified that he had authority to direct MacLean Hunter as to how the funds should be paid. (A 741).

Because a reasonable juror could have found that the Plaintiffs entered into an oral contract with Kane and that the contract was breached, the judgment of the district court granting judgment as a matter of law pursuant to Rule 50(b) is vacated.

■ On the other hand, this Court reviews the district court's decision to grant a new trial on the ground that the verdict was against the weight of the evidence for an abuse of discretion. *See U.S. E. Telecommc'ns, Inc. v. U.S. W. Commc'ns Srvs., Inc.*, 38 F.3d 1289, 1301 (2d Cir.1994). "In exercising that discretion, a trial court may order a new trial when it is convinced that the jury has reached a seriously erroneous result or that the verdict is … against the

weight of the evidence." *Id.* (Internal quotation marks omitted). We cannot say, on this record, that the district court's determination that the verdict was against the weight of the evidence was an abuse of discretion, particularly because in considering a motion for a new trial the trial judge is free to weigh the evidence and assess the credibility of the witnesses and "need not view [the evidence] in the light most favorable to the verdict winner." *Song v. Ives Labs., Inc.,* 957 F.2d 1041, 1047 (2d Cir.1992) (internal quotation marks omitted).

The Appellants also argue that they are entitled to pre-judgment interest on any damages award. It is unnecessary to reach this issue because the case is being remanded for a new trial. Accordingly, we **VACATE IN PART, and AFFIRM IN PART** the judgment of the district court below, and remand for a new trial.