■ THOMPSON BROTHERS PILE CORP., Respondent, v JEFFREY M. ROSENBLUM et al., Appellants, et al., Defendants. [993 NYS2d 353]—

In an action, inter alia, to recover damages for breach of

contract and to foreclose a mechanic's lien, the defendants Jeffrey M. Rosenblum and Meryl A. Rosenblum appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered April 13, 2012, as denied their motion pursuant to CPLR 3211 (a) (7) and Lien Law § 11, in effect, to dismiss the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Jeffrey M. Rosenblum and Meryl A. Rosenblum which was pursuant to Lien Law § 11 to dismiss the sixth cause of action insofar as asserted against them and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the defendants Jeffrey M. Rosenblum and Meryl A. Rosenblum by the plaintiff.

"On a motion to dismiss [pursuant to CPLR 3211 (a) (7)], the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (*Thomas v LaSalle Bank N.A.*, 79 AD3d 1015, 1017 [2010]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

Contrary to the assertions of the defendants Jeffrey M. Rosenblum and Meryl A. Rosenblum (hereinafter together the defendants), the complaint stated a cause of action to recover damages for breach of contract by alleging the existence of a contract, the plaintiff's performance under the contract, the defendants' breach of the contract, and resulting damages (*see JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802, 803 [2010]). In addition, the plaintiff alleged the provision of the contract upon which liability was based (*see Murrin v Ford Motor Co.*, 303 AD2d 475, 477 [2003]).

Additionally, "[a] written agreement does not exclude proof of a parol collateral agreement made even between the same parties, where the written contract is not intended to embody the whole agreement and does not on its face purport to cover completely the subject-matter of the alleged collateral agreement" (*Traders' Natl. Bank of Rochester v Laskin*, 238 NY 535, 541-542 [1924]; *see Treeline 990 Stewart Partners, LLC v RAIT Atria, LLC*, 107 AD3d 788, 790 [2013]; *Gerard v Cahill*, 66 AD3d 957, 959 [2009]). Here, although the first cause of action was based on a written contract, the plaintiff stated a second cause of action based on the breach of an alleged oral agreement as to services not encompassed in the written agreement.

As to the third and fourth causes of action, where, as here, the existence of the contract is in dispute, the plaintiff may allege causes of action to recover for unjust enrichment and in quantum meruit as alternatives to a cause of action alleging breach of contract (*see* CPLR 3014; *Auguston v Spry*, 282 AD2d 489, 491 [2001]; *Haythe & Curley v Harkins*, 214 AD2d 361, 362 [1995]).

Lien Law § 11 provides that within 5 days before or 30 days after filing the notice of lien, a lienor "shall" serve a copy of such notice upon the owner, as relevant here, at the owner's "last known place of residence." However, the plaintiff's affidavit of service of the mechanic's lien demonstrates that the plaintiff failed to serve the notice of the mechanic's lien in compliance with Lien Law § 11, as the notice was not sent to the defendants' last known place of residence. As strict compliance with the statutory requirements is mandated and the courts do not have discretion to excuse noncompliance (*see Matter of HMB Acquisition Corp. v F&K Supply*, 209 AD2d 412 [1994]; *146 W. 45th St. Corp. v McNally*, 188 AD2d 410 [1992]), the Supreme Court should have granted that branch of the defendants' motion which was pursuant to Lien Law § 11 to dismiss the sixth cause of action, which was to foreclose a mechanic's lien.

The defendants' remaining contention is without merit. Balkin, J.P., Leventhal, Maltese and Barros, JJ., concur.