In a proceeding pursuant to Lien Law § 19 (6) to summarily discharge a mechanic’s lien, Arcon Construction Group, Inc., appeals from an order of the Supreme Court, Westchester County (Walker, J.), dated December 15, 2014, which granted the petition.
Ordered that the order is affirmed, with costs.
Pursuant to Lien Law § 11, if a notice of lien is served upon a corporation by registered or certified mail, such mailing must be addressed to the corporation at “its last known place of business.” “Strict compliance with the statutory requirements *1119 is mandated and the court does not have discretion to excuse noncompliance” (Matter of HMB Acquisition Corp. v F&K Supply, 209 AD2d 412, 412 [1994]).
The petitioners commenced this proceeding pursuant to Lien Law § 19 (6), seeking to summarily discharge a mechanic’s lien on the ground that Arcon Construction Group, Inc. (hereinafter the appellant) failed to comply with the requirements of Lien Law § 11 in serving the lien upon one of the petitioners. The appellant’s contention that the petitioners may not maintain a proceeding pursuant to Lien Law § 19 (6) on this ground is without merit (see Matter of Connecticut St. Dev. Corp. v Garber Bldg. Supplies, 216 AD2d 561 [1995]; Matter of HMB Acquisition Corp. v F&K Supply, 209 AD2d 412 [1994]; see also 146 W. 45th St. Corp. v McNally, 188 AD2d 410 [1992]; Matter of Hui’s Realty v Transcontinental Constr. Servs., 168 AD2d 302 [1990]). Further, the appellant failed to demonstrate that it complied with the requirements of Lien Law § 11, since its affidavit of service of the notice of the mechanic’s lien did not demonstrate that the notice was sent to the last known place of business of the petitioner EK Mt Kisco, LLC (see e.g. Thompson Bros. Pile Corp. v Rosenblum, 121 AD3d 672, 674 [2014]).
Accordingly, the Supreme Court properly granted the petition to discharge the lien.
Dillon, J.P., Austin, Maltese and Barros, JJ., concur.