Parizat v Meron (2024 NY Slip Op 04776)

Parizat v Meron

2024 NY Slip Op 04776

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2022-04094
 (Index No. 611677/21)

[*1]Amnon Parizat, et al., respondents,
v
Ovadia Meron, et al., appellants, et al., defendants.

McCarter & English, LLP, New York, NY (Penelope M. Taylor, Brian W. Carroll, Scott M. Weingart, and Frederick Conrad Biehl III of counsel), for appellants.
Seiden Law LLP, New York, NY (Jake Nachamani, Andrew Sklar, and Priya Lehal of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for assault, battery, and false imprisonment, the defendants Ovadia Meron and Galit Meron appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered May 16, 2022. The order, insofar as appealed from, granted those branches of the plaintiffs' motion which were pursuant to CPLR 3211(a) to dismiss the first, second, fourth, fifth, sixth, and seventh amended counterclaims of the defendants Ovadia Meron and Galit Meron and so much of those defendants' third amended counterclaim as alleged that the plaintiff Amnon Parizat was unjustly enriched by his wrongful retention of the ownership interest of the defendant Ovadia Meron in the plaintiff iON Technology Solutions, LLC.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiffs' motion which were pursuant to CPLR 3211(a) to dismiss the first and second amended counterclaims of the defendants Ovadia Meron and Galit Meron and so much of those defendants' third amended counterclaim as alleged that the plaintiff Amnon Parizat was unjustly enriched by his wrongful retention of the ownership interest of the defendant Ovadia Meron in the plaintiff iON Technology Solutions, LLC, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 2021, the plaintiffs commenced the instant action against Ovadia Meron (hereinafter Ovadia) and his wife, Galit Meron (hereinafter together the defendants), among others. The complaint alleged, among other things, that Ovadia had no ownership interest in the plaintiff iON Technology Solutions, LLC (hereinafter ION). As an exhibit to the complaint, the plaintiffs attached a copy of a consulting agreement dated February 1, 2010, between Ovadia and ION (hereinafter the consulting agreement), which provided, inter alia, that ION was "interested in [Ovadia's] marketing and sales services" and that Ovadia agreed "to promote and sell" ION products "to new and existing customers." The consulting agreement further provided that ION would pay Ovadia a consultation fee, which included use of a company car and health insurance. The consulting agreement contained a merger clause, which provided that the consulting agreement "embodies the entire understanding of the parties and it overrides and supersedes any prior promises, representation, undertakings or implications exchanged by the parties." Ovadia signed the consulting [*2]agreement, and the plaintiff Amnon Parizat signed the consulting agreement as the president of ION.
Thereafter, the defendants interposed an answer with amended counterclaims for a declaratory judgment (first amended counterclaim), breach of contract (second amended counterclaim), unjust enrichment (third amended counterclaim), fraudulent inducement (fourth amended counterclaim), fraudulent misrepresentation (fifth amended counterclaim), breach of fiduciary duty (sixth amended counterclaim), and constructive trust (seventh amended counterclaim). According to the amended counterclaims, in 2008, Parizat and Ovadia began discussions about forming a joint business venture with regard to a certain line of products that were then owned by I Technology Solutions, LLC (hereinafter ITS), of which Ovadia allegedly was the beneficial owner. The defendants alleged that in 2008, Parizat entered into an oral agreement with Ovadia (hereinafter the alleged oral agreement) in which Parizat agreed to be "fifty-fifty partners in a new company to be formed — ION — and that ITS would transfer all of its assets to ION in exchange for the sum of twenty-five thousand dollars." The defendants further alleged that although all of the membership units in ION were titled in Parizat's name, Ovadia was the beneficial owner of half of those membership units pursuant to the alleged oral agreement and that Parizat breached the alleged oral agreement by, inter alia, failing to recognize Ovadia's ownership interest in ION, including by failing to provide Ovadia with distributions from ION since at least January 2019.
The plaintiffs moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the defendants' amended counterclaims. By order entered May 16, 2022, the Supreme Court, among other things, granted those branches of the plaintiffs' motion which were pursuant to CPLR 3211(a) to dismiss the defendants' first, second, fourth, fifth, sixth, and seventh amended counterclaims and so much of the defendants' third amended counterclaim as alleged that Parizat was unjustly enriched by his wrongful retention of Ovadia's ownership interest in ION. The court determined, inter alia, that the parol evidence rule precluded the enforcement of the alleged oral agreement and that the amended counterclaims alleging fraud were time-barred. The defendants appeal.
The Supreme Court should have denied dismissal of the amended counterclaims seeking a declaratory judgment and alleging breach of an oral agreement pursuant to CPLR 3211(a)(1) and (7). "[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162; see Greenfield v Philles Records, 98 NY2d 562, 569). "Parol evidence—evidence outside the four corners of the document—is admissible only if a court finds an ambiguity in the contract" (Schron v Troutman Sanders LLP, 20 NY3d 430, 436; see W.W.W. Assoc. v Giancontieri, 77 NY2d at 162-163; Yeled V'Yalda Early Childhood Ctr., Inc. v Attentive Behavior Mental Health Counseling, P.C., 208 AD3d 1209, 1210). Further, "[w]here a contract contains a merger clause, a court is obliged to require full application of the parol evidence rule in order to bar the introduction of extrinsic evidence to vary or contradict the terms of the writing" (Schron v Troutman Sanders LLP, 20 NY3d at 436 [internal quotation marks omitted]; see Matter of Primex Intl. Corp. v Wal-Mart Stores, 89 NY2d 594, 599; Vivir of L I, Inc. v Ehrenkranz, 127 AD3d 962, 964).
Nevertheless, "[a] written agreement does not exclude proof of a parol collateral agreement made even between the same parties, where the written contract is not intended to embody the whole agreement and does not on its face purport to cover completely the subject-matter of the alleged collateral agreement" (Traders' Natl. Bank of Rochester v Laskin, 238 NY 535, 541-542; see Thompson Bros. Pile Corp. v Rosenblum, 121 AD3d 672, 673). For a prior oral agreement to be enforceable, "(1) the agreement must in form be a collateral one; (2) it must not contradict express or implied provisions of the written contract; (3) it must be one that parties would not ordinarily be expected to embody in the writing; or put in another way, an inspection of the written contract, read in the light of surrounding circumstances must not indicate that the writing appears to contain the engagements of the parties, and to define the object and measure the extent of such engagement. Or again, it must not be so clearly connected with the principal transaction as to be part and parcel of it" (Mitchill v Lath, 247 NY 377, 381 [internal quotation marks omitted]).
Here, the consulting agreement did not completely cover the same subject matter as [*3]the alleged oral agreement, as the alleged oral agreement related to the formation and ownership of ION and the consulting agreement only related to the compensation that Ovadia would receive for performing certain marketing and sales services (see Louis Dreyfus Corp. v ACLI Intl., 52 NY2d 736, 739; Thompson Bros. Pile Corp. v Rosenblum, 121 AD3d at 673). Further, the alleged oral agreement did not vary, alter, or supplement any terms of the consulting agreement, which did not address ownership interests in ION (see Matter of Primex Intl. Corp. v Wal-Mart Stores, 89 NY2d at 601; Scherer v Kane, 284 Fed Appx 850, 853 [2d Cir]; Arias-Zeballos v Tan, 2006 WL 3075528, *8, 2006 US Dist LEXIS 78884, *25-26 [SD NY, No. 06 Civ 1268 (GEL)]. Moreover, it would not ordinarily be expected that the subject matter of the alleged oral agreement would be addressed in the consulting agreement (see Mitchill v Lath, 247 NY at 381-382; Marinelli v Unisa Holdings, 238 AD2d 118,119; Lee v Joseph E. Seagram & Sons, Inc., 552 F2d 447, 452 [2d Cir]; Gem Corrugated Box Corp. v National Kraft Container Corp., 427 F2d 499, 503 [2d Cir]; Bice v Robb, 2010 WL 11586924, *4, 2010 US Dist LEXIS 144362, *13-14 [SD NY, No. 07 Civ 2214 (PAC)]).
The Supreme Court also should have denied dismissal of so much of the third amended counterclaim as alleged that Parizat was unjustly enriched by his allegedly wrongful retention of Ovadia's ownership interest in ION pursuant to CPLR 3211(a)(1) and (7). Where, as here, the existence of a contract, in this case, the alleged oral agreement, is in dispute, the defendants may allege a counterclaim to recover damages for unjust enrichment as an alternative to a counterclaim alleging breach of contract (see id. § 3014; F & R Goldfish Corp. v Furleiter, 210 AD3d 643, 646; Thompson Bros. Pile Corp. v Rosenblum, 121 AD3d at 674). Consequently, so much of the third amended counterclaim as alleged that Parizat was unjustly enriched by his allegedly wrongful retention of Ovadia's ownership interest in ION was not duplicative of the amended counterclaim alleging breach of contract (see Emby Hosiery Corp. v Tawil, 196 AD3d 462, 465; Plumitallo v Hudson Atl. Land Co., LLC, 74 AD3d 1038, 1039).
However, the Supreme Court properly granted dismissal of the amended counterclaim alleging breach of fiduciary duty pursuant to CPLR 3211(a)(7). This counterclaim failed to plead facts evincing the existence of a relationship between Parizat and Ovadia that involved "a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; see First Keystone Consultants, Inc. v DDR Constr. Servs., 74 AD3d 1135, 1137). Although the amended counterclaims alleged that Parizat owed Ovadia a fiduciary duty by virtue of their purported status as joint venturers, the amended counterclaims did not allege a mutual promise or undertaking to share the burden of the losses of the alleged enterprise (see U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d 851, 854; MacKay v Paesano, 185 AD3d 915, 915-916; First Keystone Consultants, Inc. v DDR Constr. Servs., 74 AD3d at 1137; Rocchio v Biondi, 40 AD3d 615, 616; Latture v Smith, 1 AD3d 408, 408-409). Moreover, as the defendants failed to sufficiently allege the existence of a fiduciary relationship, an element of a cause of action for a constructive trust (see Rocchio v Biondi, 40 AD3d at 616), the court properly granted dismissal of the seventh amended counterclaim pursuant to CPLR 3211(a)(7).
The Supreme Court properly granted dismissal of the amended counterclaims alleging fraud pursuant to CPLR 3211(a)(5) as time-barred. "A cause of action based upon fraud must be commenced within six years from the time of the fraud, or within two years from the time the fraud was discovered, or with reasonable diligence could have been discovered, whichever is longer" (Coleman v Wells Fargo & Co., 125 AD3d 716, 716; see CPLR 203[g]; 213[8]). On a motion to dismiss a counterclaim pursuant to CPLR 3211(a)(5) on statute of limitations grounds, the party asserting that the cause of action is time-barred has the initial burden of establishing, prima facie, that the time in which to commence the action has expired (see Pare v Pare, 222 AD3d 765; Cannariato v Cannariato, 136 AD3d 627, 627; Coleman v Wells Fargo & Co., 125 AD3d at 716; East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 90 AD3d 821, 822). The burden then shifts to the nonmoving party to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the defendants actually interposed the counterclaim within the applicable limitations period (see Cannariato v Cannariato, 136 AD3d at 627; Coleman v Wells Fargo & Co., 125 AD3d at 716; East Hampton Union Free School Dist. v [*4]Sandpebble Bldrs., Inc., 90 AD3d at 822). "Moreover, pursuant to CPLR 203(d), a 'counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed'" (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 90 AD3d at 822).
"Where a [nonmoving party] relies upon the two-year discovery exception to the six-year limitations period, the burden of establishing that the fraud could not have been discovered prior to the two-year period . . . rests on the [party] who seeks the benefit of the exception" (Cannariato v Cannariato, 136 AD3d at 627 [alterations and internal quotation marks omitted]; see Pare v Pare, 222 AD3d 765; Hillman v City of New York, 263 AD2d 529, 529; Lefkowitz v Appelbaum, 258 AD2d 563, 563). Although the question of when a nonmoving party could "'with reasonable diligence have discovered the alleged fraud' is ordinarily 'a mixed question of law and fact,' summary dismissal is appropriate 'where it conclusively appears that the [nonmoving party] has knowledge of facts which should have caused [him or] her to inquire and discover the alleged fraud'" (Cannariato v Cannariato, 136 AD3d at 627-628, quoting Rattner v York, 174 AD2d 718, 721; see Pare v Pare, 222 AD3d at 768-769).
Here, the gravamen of the amended counterclaims alleging fraud was that in 2008, Parizat fraudulently represented that Ovadia would "maintain a beneficial interest in 50% of ION's assets," which induced Ovadia to have his membership interest in ION titled in Parizat's name. Although the defendants contended that they did not discover the alleged fraud until the complaint in this action was filed in September 2021, it conclusively appears that Ovadia had knowledge of facts that should have caused him to inquire and discover the alleged fraud in or about January 2019 (see Pare v Pare, 222 AD3d at 769; Aozora Bank, Ltd. v Deutsche Bank Sec. Inc., 137 AD3d 685, 689; Oggioni v Oggioni, 46 AD3d 646, 648). Accordingly, the defendants failed to meet their burden to establish that they could not have discovered the fraud more than two years before the plaintiffs commenced this action in September 2021.
The parties' remaining contentions, including those raised by the plaintiffs as alternative grounds for affirmance, either are without merit or need not be reached in light of our determination.
LASALLE, P.J., CONNOLLY, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court