■ SYRACUSE COMMUNITY HEALTH CENTER, INC., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 98611.) [722 NYS2d 685] —Judgment unanimously reversed on the law without costs and claim dismissed. Memorandum: Defendant appeals from an interlocutory judgment in favor of claimant after a trial on the issue of liability. Claimant, a not-for-profit health care facility, provides health care services, including an

in-house pharmacy. The fee for the pharmacy services provided to Medicaid-eligible patients was included as part of the "threshold rate," an all-inclusive rate paid by defendant to claimant for the provision of health care services. Claimant incurred a financial loss based on its inability to charge defendant on a "fee for service" basis for pharmacy services, and thus, with defendant's approval, arranged for an independent pharmacy to operate at the site of its health care facility. Following the trial on the issue of liability, the Court of Claims found that, during a telephone conversation on October 30, 1996, defendant's agents informed claimant's agents that the independent pharmacy would be allowed to bill retroactively on a fee for service basis for the pharmacy services that claimant was providing to its Medicaid-eligible patients during the period in which the independent pharmacy was obtaining State approval of its application to dispense prescriptions and bill Medicaid for those services; claimant could then be reimbursed by the independent pharmacy for those services. Under that arrangement, prescription services would continue to be available to Medicaid-eligible patients during the pendency of the application process. The court further found that, approximately one month before the independent pharmacy began its operations, defendant decided that the independent pharmacy could not bill retroactively for those prescription services provided by claimant during the pendency of the application process.

The court determined that there was no express or implied contract between the parties for payment on a fee for service basis during the pendency of the application process and that promissory estoppel is not available against a governmental entity. The court further determined, however, that defendant is nevertheless liable for payment of those services in the amount of $294,944 plus interest, on the theory of quasi contract. That was error. In order to prevail on a cause of action in quasi contract, claimant "must establish[:] (1) the performance of services in good faith; (2) the acceptance of those services by the person to whom they are rendered; (3) an expectation of compensation therefor; and (4) the reasonable value of the services" (*Landcom, Inc. v Galen-Lyons Joint Landfill Commn.*, 259 AD2d 967, 968). Claimant failed to establish that defendant accepted any of the pharmacy services; those services were rendered to Medicaid-eligible patients. Moreover, there was an existing written agreement between the parties with respect to the amount of reimbursement that would be received for the pharmacy services, i.e., claimant had agreed to accept a "threshold rate," which includes the fee for

pharmacy services (*see generally,* 18 NYCRR part 504). "The existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi-contract or unjust enrichment for occurrences or transactions arising out of the same matter" (*Eagle Comtronics v Pico Prods.,* 256 AD2d 1202, 1202-1203). We therefore reverse the judgment and dismiss the claim. (Appeal from Judgment of Court of Claims, Fitzpatrick, J.—Contract.) Present—Hayes, J. P., Wisner, Scudder, Kehoe and Burns, JJ.