■ Elie Laham, Also Known as Elie I. Laham, Respondent, v Bahia Mehmet Bin Chambi, Also Known as Bahia Mehmet, Appellant. [753 NYS2d 34] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered July 24, 2001, awarding plaintiff the principal amount of $4,000,000, and bringing up for review an order, same court and Justice, entered July 24, 2001, which granted plaintiff's motion for

summary judgment and denied defendant's cross motion for leave to serve an amended answer, unanimously reversed, on the law, without costs, the judgment vacated, plaintiff's motion denied, defendant's cross motion granted and the matter remanded for further proceedings. Appeals from the aforesaid order of July 24, 2001, and from the order, same court and Justice, entered November 28, 2001, which denied defendant's motion to reargue and renew, unanimously dismissed, without costs.

Issues of fact preclude summary judgment here. In particular, issues are presented with respect to the defenses of lack of consideration and fraud.

The general rule that "the adequacy of consideration is not a proper subject for judicial scrutiny" (*see Dafnos v Hayes*, 264 AD2d 305, 306) applies when "some benefit" was received. Here, however, defendant offered evidence tending to establish that she received no benefit whatsoever, not merely that the deal she made was improvident.

As to the defense of fraud, since the brief note upon which plaintiff is suing here is not integrated and lacks both a disclaimer of defenses and a merger clause of any kind, it is appropriate to admit parol evidence in order to consider the circumstances surrounding the creation and execution of the document about which the parties disagree. Given the surrounding circumstances as alleged by defendant, fraud in the inducement could be established by the assertion that plaintiff misrepresented the use to which he intended to put the document he had defendant sign.

Although, in view of the foregoing, we need not address the renewal motion, we note that the additional affidavit offered on defendant's application for renewal of the summary judgment motion should not have been rejected on credibility grounds under these circumstances.

Finally, the motion to amend should have been granted, as the formal allegations of the proposed pleading had already been brought to plaintiff's attention in defendant's opposition papers. Mere lateness is not a barrier, in the absence of a substantiated claim by plaintiff that he would be prejudiced by the proposed amendment (*see Huntington v Trotta Auto Wreckers*, 257 AD2d 647). Concur—Nardelli, J.P., Saxe, Rosenberger, Friedman and Marlow, JJ.