■ FRANK L. NETTI, Respondent, v ROBERT LEFROIS, Defendant, and HOUSEMASTER HOME INSPECTION SERVICE,

Appellant. [758 NYS2d 442] —Appeal from an order of Supreme Court, Cayuga County (Corning, J.), entered January 22, 2002, which, inter alia, denied in part defendants' motion seeking, inter alia, summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting those parts of the motion seeking dismissal of that portion of the complaint seeking recovery under the guarantee in the agreement and limiting damages to the sum of $250 based on the terms of the agreement and as modified the order is affirmed without costs.

Memorandum: Plaintiff entered into an agreement with defendant Housemaster Home Inspection Service (Housemaster) pursuant to which Housemaster was to prepare a home inspection report for a property that plaintiff was interested in purchasing. After receiving the report, plaintiff purchased the property but shortly thereafter learned of problems with the roof of the home. Housemaster refused to compensate plaintiff for the cost of repairs to the roof, and plaintiff commenced this action against Housemaster and defendant Robert LeFrois, who performed the inspection. Defendants moved, inter alia, for summary judgment seeking dismissal of that portion of the complaint seeking recovery under the guarantee in the agreement and partial summary judgment limiting damages to the sum of $250 based on the terms of the agreement. In addition, defendants sought dismissal of the action against LeFrois and an award of attorney's fees and costs incurred in defending the action, pursuant to the terms of the agreement. Supreme Court dismissed the action against LeFrois and otherwise denied the motion.

The court erred in determining that there is an issue of fact whether the agreement was modified by alleged "oral representations" of LeFrois and thus that there is an issue of fact whether the guarantee in the agreement applies. The guarantee limits the potential exposure of Housemaster to 90 days on any item rated "Satisfactory." Housemaster established that the guarantee does not apply to the roof inasmuch as the roof was rated "Fair." Furthermore, the agreement expressly provides that "[n]o oral statement made by the Inspector or any other Company representative shall expand the scope or change the terms of this agreement or the Inspection Report," and thus Housemaster established that plaintiff is precluded from asserting that the agreement was orally modified (see General Obligations Law § 15-301 [1]; *Fleet Bank v Pine Knoll Corp.,* 290 AD2d 792, 795 [2002]).

Furthermore, the court should have determined that, pursuant to the express terms of the agreement, plaintiff's damages are limited to the sum of $250, the fee paid for the inspection. Plaintiff failed to raise an issue of fact concerning the enforceability of that provision limiting Housemaster's liability (*see generally Metropolitan Life Ins. Co. v Noble Lowndes Intl.,* 84 NY2d 430, 436 [1994], *rearg denied* 84 NY2d 1008 [1994]; *C & H Engrs. v Klargester, Inc.,* 262 AD2d 984 [1999]).

Finally, Housemaster contends that it is entitled to the attorney's fees and costs incurred in defending the action based on the express provision in the agreement providing for such attorney's fees and costs in the event that plaintiff does not fully prevail in an action commenced by him. Housemaster's request for that relief is premature, in view of the fact that plaintiff's ultimate right to recover in this action has not yet been determined.

We therefore modify the order by granting those parts of the motion seeking dismissal of that portion of the complaint seeking recovery under the guarantee in the agreement and limiting damages to the sum of $250 based on the terms of the agreement. Present—Green, J.P., Hurlbutt, Burns, Gorski and Hayes, JJ.