BUFFALO NEWSPRESS, INC., Respondent, v COLEMAN COMMUNICATIONS CORPORATION, Doing Business as THE SOUTHTOWNS CITIZEN, Appellant. [778 NYS2d 612]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered December 12, 2002. The order and judgment granted plaintiff's motion for summary judgment on the third cause of action for goods sold and delivered and for dismissal of the first counterclaim for breach of contract and ordered that judgment be entered for plaintiff in the amount of $15,798.06, plus costs and interest.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is reversed on the law with costs, the motion is denied and the first counterclaim is reinstated.

Memorandum: Plaintiff commenced this action seeking damages based on various theories of liability, including for goods sold and delivered. Defendant raised various affirmative defenses and asserted counterclaims for, inter alia, breach of contract. Supreme Court granted plaintiff's motion for summary judgment on the cause of action for goods sold and delivered, thereby ordering that judgment be entered for plaintiff in the principal amount of $15,798.06, and dismissing with prejudice defendant's first counterclaim for breach of contract. That was error. There are triable questions of fact concerning the terms of the agreement between the parties, particularly with regard to whether, as alleged by defendant, plaintiff represented that its quoted price constituted the "best rate" or "best price" charged by plaintiff to similarly situated customers. That essential factual dispute renders the award of summary judgment to plaintiff and the dismissal of defendant's counterclaim for breach of contract premature (see Created Gemstones v Union Carbide Corp., 47 NY2d 250, 255-256 [1979]; Hooper Handling v Jonmark Corp., 267 AD2d 1075, 1076 [1999]; B. Milligan Contr. v Andrew R. Mancini Assoc., 174 AD2d 136, 138-140 [1992]). Contrary to plaintiff's contention, the specification sheet is not dispositive of whether plaintiff orally promised that the prices quoted therein were its "best" prices. Further, in the absence of an integrated written contract between the parties, defendant may properly rely on parol evidence in attempting to establish

that alleged term of the agreement (*see Laham v Bahia Mehmet Bin Chambi,* 299 AD2d 151, 152 [2002]; *cf. Holland v Ryan,* 307 AD2d 723, 724 [2003]). Finally, the assertion of plaintiff that its alleged representations concerning "the price and value of objects and property" are matters of opinion and thus not actionable also is not dispositive. A contractual price term is enforceable provided only that it is objectively or methodologically ascertainable (*see Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d 475, 482-483 [1989], *rearg denied* 75 NY2d 863 [1990], *cert denied* 498 US 816 [1990]; *Kenneth D. Laub & Co. v Bear Stearns Cos.,* 262 AD2d 36 [1999]; *see generally Martin Delicatessen v Schumacher,* 52 NY2d 105, 110 [1981]).

All concur except Lawton, J., who dissents and votes to affirm for reasons stated at Supreme Court. Present—Green, J.P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.