BERO CONTRACTING & DEVELOPMENT CORP., Appellant, v ANDREW VIERHILE et al., Respondents. [796 NYS2d 808]—

Appeal from an order of the Supreme Court, Ontario County (James R. Harvey, A.J.), entered July 30, 2004. The order granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendants signed an option contract with plaintiff for the purchase of two adjacent lots in the Canandaigua Lakeside Estates Subdivision. The option contract gave defendants the right to purchase the lots and provided, inter alia, that plaintiff "will be the only builder to construct homes in this project." Thereafter, the parties signed a purchase agreement for the lots containing a merger clause, and failed to incorporate the language of the original option contract that plaintiff would be the homebuilder. Negotiations between the parties regarding the cost of the home that was to be built by plaintiff broke down, and defendants hired a different builder.

Plaintiff commenced this action for breach of contract and unjust enrichment, and defendants moved for summary judgment dismissing the complaint. Plaintiff cross-moved for partial summary judgment on its cause of action for breach of contract. Supreme Court granted defendants' motion and denied plaintiff's cross motion. We affirm.

The language of the purchase agreement is clear and unambiguous, providing for the sale of the two lots from plaintiff to defendants without mentioning any obligation of defendants to have plaintiff build a home thereon. The merger clause in the purchase agreement bars the admission of parol evidence, including evidence of prior negotiations between the parties (*see Marine Midland Bank-S. v Thurlow*, 53 NY2d 381, 387 [1981]), to contradict or modify terms of the final written agreement (*see Jarecki v Shung Moo Louie*, 95 NY2d 665, 669 [2001]; *Marshall v Gallinger Real Estate Co.*, 222 AD2d 1101 [1995], *lv dismissed* 88 NY2d 874 [1996]). Because the purchase agreement is an unambiguous and complete agreement that did not impose upon defendants an obligation to have plaintiff build their home, no breach of contract occurred when defendants chose a different builder (*see generally W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Present—Hurlbutt, J.P., Scudder, Martoche, Pine and Lawton, JJ.