■ BRIDGE STREET ENTERPRISES, Appellant, v PASTINO's ITALIAN GRILL, INC., et al., Respondents, et al., Defendants. [842 NYS2d 810]—

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered September 18, 2006. The order, insofar as appealed from, denied plaintiff's motion for summary judgment.

It is hereby ordered that the order so appealed from be and

the same hereby is unanimously modified on the law by granting the motion insofar as it seeks judgment on liability against defendants Pastino's Italian Grill, Inc., Russell Digristina, Charles Digristina, 55 Cheyenne Realty Corp. and Carmel Ezzo and dismissal of the counterclaims and dismissing the counterclaims and as modified the order is affirmed without costs.

Memorandum: We agree with plaintiff that Supreme Court erred in denying its motion for summary judgment insofar as it seeks judgment on liability against defendants-respondents (defendants) and dismissal of the counterclaims asserted by defendants Pastino's Italian Grill, Inc. (Pastino's), Russell Digristina and Charles Digristina. We therefore modify the order accordingly. Pastino's is the third tenant-assignee on the lease between plaintiff as owner and defendant Carmella's Café of Dewitt, Inc. Defendant 55 Cheyenne Realty Corp. (Cheyenne) was the second tenant-assignee on the lease. Russell Digristina and Charles Digristina are the guarantors of Pastino's obligations under the lease, and defendant Carmel Ezzo was the guarantor of Cheyenne's obligations under the lease. We conclude that plaintiff met its initial burden with respect to defendants' liability by establishing that Pastino's violated the provisions of the lease by closing its restaurant, vacating the property, and ceasing to pay plaintiff rent. Pastino's allegations that plaintiff "tacitly agreed" or "tacitly consented" to such actions and Russell Digristina's averments that plaintiff's property manager consented to such actions are insufficient to raise an issue of fact. There is no evidence in the record before us indicating that plaintiff's property manager had power to act as an agent for plaintiff with respect to the lease. In any event, any such consent would constitute a nonbinding oral modification of the lease inasmuch as the terms of the lease expressly prohibit oral modifications (*see* General Obligations Law § 15-301 [1]; *Netti v LeFrois*, 303 AD2d 971, 972 [2003]; *Fleet Bank v Pine Knoll Corp.*, 290 AD2d 792, 795 [2002]).

We further conclude that plaintiff established that it properly terminated the lease by letter dated November 30, 2005 and that defendants failed to raise an issue of fact with respect thereto. The contentions of defendants that the termination letter was invalid because it recited the incorrect date of termination and was not signed by the proper party are raised for the first time on appeal and are thus not preserved for our review (*see generally Barry v Gorecki*, 38 AD3d 1213, 1216 [2007]; *Giangrosso v Kummer Dev. Corp.*, 8 AD3d 1037, 1038 [2004]). We further reject the contention of Pastino's and the Digristinas that there are issues of fact precluding dismissal of their

counterclaims. The first, second, third and fifth counterclaims are premised in part on inadmissible hearsay, which is insufficient to raise an issue of fact with respect to the counterclaims (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), and the counterclaims also rely on statements that, even if made, are merely nonbinding oral modifications of the lease (*see Netti*, 303 AD2d at 972; *Fleet Bank*, 290 AD2d at 795). Moreover, the purported fourth counterclaim for "unjustified damage" to the "commercial reputation" of those defendants fails to state a cause of action (*see State of New York v General Elec. Co.*, 199 AD2d 595, 596 [1993]; *see also* CPLR 3016 [a]). Finally, we conclude that the court properly denied that part of plaintiff's motion seeking judgment on damages, inasmuch as there are issues of fact on the record before us with respect to plaintiff's damages (*see generally Zuckerman*, 49 NY2d at 562). Present—Hurlbutt, J.P., Gorski, Lunn, Fahey and Peradotto, JJ.