■ NELSON GERARD et al., Appellants, v CATHERINE CAHILL, Respondent, et al., Defendants. [888 NYS2d 104]—

In an action, inter alia, in effect, for a judgment declaring the rights and obligations of the parties under an operating agreement of a limited liability company, among other things, and to recover damages for fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated July 16, 2008, as granted those branches of the cross motion of the defendant Catherine Cahill, as executrix of the estate of Marvin Hyman, which were for summary judgment, in effect, declaring, inter alia, that Marvin Hyman, at the time of his death, had an interest in Buckskill, LLC, and dismissing the second, third, fourth, fifth, and sixth causes of action asserted against her.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the cross motion of the defendant Catherine Cahill, as executrix of the estate of Marvin Hyman, which were for summary judgment, in effect, declaring, inter alia, that Marvin Hyman, at the time of his death, had an interest in Buckskill, LLC, and dismissing the third, fourth, fifth, and sixth causes of action asserted against her and substituting therefor provisions denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.

Marvin Hyman and the plaintiff Nelson Gerard formed the plaintiff Buckskill, LLC (hereinafter Buckskill), for the purpose of purchasing a 9.6-acre parcel of real property located in the Town of East Hampton. Buckskill's operating agreement contemplated that the subject property would be subdivided into a number of lots, plus an agricultural reserve area. Upon the filing of a subdivision map, the property was to be distributed between Gerard and Hyman in accordance with the operating agreement. The operating agreement set forth different distribution scenarios, which depended upon the number of lots the property ultimately yielded.

After purchasing the property, however, Gerard and Hyman encountered difficulty obtaining approval for the subdivision. Hyman proposed that they accept an offer made by the Town to purchase 6.8 acres of the property. In response, Gerard proposed that, if the property were sold to the Town, Hyman should allow Buckskill to redeem his interest in the company for the sum of $850,000, or one lot, at Hyman's option. Gerard claims that Hyman explicitly agreed to this proposal. The defendant Catherine Cahill, as executrix of the estate of Marvin Hyman (hereinafter the defendant), disputes that claim.

Buckskill and the Town subsequently entered into a contract of sale, and a subdivision map was thereafter filed, depicting

four lots, which were to be retained by Buckskill. The 6.8-acre parcel to be sold to the Town was denominated the "reserve area." After the filing of the subdivision map, the sale to the Town closed, and the sum of approximately $1,900,000 from the proceeds of sale was deposited into Buckskill's bank account. Hyman wrote a check on that account in that amount, payable to himself, claiming that he was entitled to the proceeds of that sale under a provision of the operating agreement which specified that, in the event a subdivision map were filed yielding four lots and a reserve area, Gerard would receive the four lots and Hyman would receive the reserve area.

The plaintiffs commenced the instant action, seeking, inter alia, in effect, a judgment declaring the rights and obligations of the parties under the operating agreement and the alleged oral agreement, to redeem Hyman's interest in the real property, and to recover damages for fraud. The Supreme Court granted the defendant's cross motion for summary judgment. We modify.

The defendant failed to demonstrate her prima facie entitlement to judgment as a matter of law with respect to the first cause of action, which was for declaratory relief. The defendant argues that, since the operating agreement contains a provision prohibiting oral modifications, enforcement of the alleged oral agreement to redeem Hyman's interest in the real property is barred by General Obligations Law § 15-301. Contrary to the defendant's contention, the alleged oral agreement did not operate to modify the distribution provisions of the operating agreement. Those provisions set forth five scenarios, and described how the lots would be distributed under each of those scenarios. However, none of those scenarios came to pass. Instead, Buckskill agreed to sell 6.8 acres of the property to the Town, after which a subdivision map was filed, yielding to Buckskill only four lots for distribution to its members. At the time when the map was filed, Buckskill was not in a position to distribute the reserve area depicted on the map since that parcel was already subject to a contract requiring it to be sold to the Town. Therefore, the alleged oral agreement was a separate, additional agreement addressing a scenario that was not anticipated and not covered by the terms of the operating agreement. Moreover, the alleged oral agreement did not set forth a new distribution scheme but, rather, provided for a buy-out of Hyman's interest. Accordingly, enforcement of the alleged oral agreement is not barred by General Obligations Law § 15-301 (*see Traders' Natl. Bank of Rochester v Laskin,* 238 NY 535, 541-542 [1924]; *Heydt Contr. Corp. v Tishman Constr. Corp. of N.Y.,* 163 AD2d 196, 197 [1990]). Thus, the Supreme Court erred in awarding summary

judgment to the defendant with respect to the first cause of action. Contrary to the plaintiffs' argument on appeal, however, the plaintiffs are not entitled, upon a search of the record, to summary judgment on that cause of action, since questions of fact exist for trial, including whether Hyman accepted the plaintiffs' offer to redeem his interest in the subject property.

While the complaint includes a cause of action to recover damages for fraud, it appears from the plaintiffs' motion papers and appellate brief that the allegations of fraud are made only in relation to the contention that the defendant should be estopped, due to Hyman's alleged fraudulent conduct, from enforcing the clause of the operating agreement that bars oral modifications. In light of our determination, we need not reach that contention. To the extent that the plaintiffs seek to pursue an independent cause of action sounding in fraud, the Supreme Court properly awarded summary judgment to the defendant dismissing that cause of action. Such a cause of action may not be maintained because it rests solely upon the plaintiffs' allegation that Hyman breached the parties' alleged oral agreement (*see Rocchio v Biondi,* 40 AD3d 615, 617 [2007]; *Jim Longo, Inc. v Rutigliano,* 251 AD2d 547, 548 [1998]).

The Supreme Court granted those branches of the defendant's cross motion which were to dismiss the third through sixth causes of action, which were for injunctive relief, on the sole ground that those causes of action were "wholly dependent" upon the existence of the alleged oral agreement, enforcement of which the Supreme Court improperly found to be barred by the General Obligations Law § 15-301. Since the defendant failed to demonstrate her entitlement to judgment as a matter of law dismissing the third through sixth causes of action, those branches of her motion should have been denied regardless of the sufficiency of the plaintiffs' opposition papers.

In light of our determination, we need not reach the plaintiffs' remaining contentions. Fisher, J.P., Covello, Dickerson and Lott, JJ., concur. [*See* 20 Misc 3d 1133(A), 2008 NY Slip Op 51716(U).]