Lentner v Upstate Forestry & Dev., LLC (2023 NY Slip Op 06626)

Lentner v Upstate Forestry & Dev., LLC

2023 NY Slip Op 06626

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, GREENWOOD, NOWAK, AND DELCONTE, JJ.

829 CA 22-01498

[*1]JOANNE C. LENTNER, PHILIP CARD AND MARILYN CARD, PLAINTIFFS-RESPONDENTS,
v
UPSTATE FORESTRY AND DEVELOPMENT, LLC, CHARLES NOWACK, DEFENDANTS-APPELLANTS, MCDONOUGH HARDWOODS, LTD., MCDONOUGH LUMBER COMPANY, MCDONOUGH LUMBER CORPORATION, JAMES MCDONOUGH, DANIEL MCDONOUGH, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 

GERBER CIANO KELLY BRADY LLP, BUFFALO (DAVID P. JOHNSON OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
CHENEY LAW FIRM, PLLC, GENEVA (DAVID D. BENZ OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.
WILLARD R. PRATT, III, SYLVAN BEACH, FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Herkimer County (Charles C. Merrell, J.), entered August 22, 2022. The order, among other things, denied the motion of defendants Upstate Forestry and Development, LLC, and Charles Nowack for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint against defendant Charles Nowack and dismissing the first, third, fourth, and fifth causes of action against defendant Upstate Forestry and Development, LLC, and as modified the order is affirmed without costs.
Memorandum: Plaintiff Joanne C. Lentner owns an approximately 300-acre property (property), and plaintiffs Philip Card and Marilyn Card have a life estate in the property. In February 2015, Lentner entered into a timber sale contract (contract) with defendant Upstate Forestry and Development, LLC (Upstate), whereby Lentner agreed to sell to Upstate "[a]ll species 16[ inches] on stump" for $15,500. The contract was to expire one year later, in February 2016. Upstate assigned its rights in the contract to defendant McDonough Hardwoods, Ltd. (McDonough). Philip Card signed a receipt acknowledging payment of $15,500, and McDonough began logging the property. Before the contract expired, however, plaintiffs ordered McDonough to stop operations and leave the property. Plaintiffs commenced this action against, among others, Upstate and its owner, defendant Charles Nowack (collectively, defendants), and McDonough for breach of contract, fraud, violation of RPAPL 861, conversion, and unjust enrichment. Defendants moved for summary judgment dismissing the complaint and all cross-claims against them, and for summary judgment on their cross-claim for contractual indemnification against McDonough. Supreme Court denied the motion, and defendants now appeal.
Initially, we agree with defendants that the court erred in denying that part of their motion seeking summary judgment dismissing the complaint against Nowack, and we therefore modify the order accordingly. Defendants met their initial burden of establishing that Nowack was acting on behalf of Upstate at all relevant times (see Rose v Different Twist Pretzel, Inc., 175 AD3d 597, 598 [2d Dept 2019], appeal dismissed 37 NY3d 1172 [2022]; Bonacasa Realty Co., LLC v Salvatore, 109 AD3d 946, 947 [2d Dept 2013]; see generally Broadway Warehouse Co. v [*2]Buffalo Barn Bd., LLC, 143 AD3d 1238, 1242 [4th Dept 2016]). Plaintiffs failed to raise a triable issue of fact whether Nowack "engaged in acts amounting to an abuse or perversion of the corporate form" such that the corporate veil should be pierced (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776 [2011]; see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141-142 [1993]).
We also agree with defendants that the court erred in denying that part of their motion seeking summary judgment dismissing the first cause of action, for breach of contract, against Upstate, and we thus further modify the order accordingly. It is well settled that " '[a] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms' " (Marin v Constitution Realty, LLC, 28 NY3d 666, 673 [2017], quoting Greenfield v Philles Records, 98 NY2d 562, 569 [2002]; see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). "The parol evidence rule generally operates to preclude evidence of a prior or contemporaneous communication during negotiations of an agreement that contradicts, varies, or explains a written agreement which is clear and unambiguous in its terms and expresses the parties' entire agreement and intentions" (Hoeg Corp. v Peebles Corp., 153 AD3d 607, 608 [2d Dept 2017]; see Braten v Bankers Trust Co., 60 NY2d 155, 161-162 [1983], rearg denied 61 NY2d 670 [1983]; Thomas v Scutt, 127 NY 133, 137 [1891]). "Where, as here, there is no merger clause, the court must examine the surrounding circumstances and the writing itself to determine whether the agreement constitutes a complete, integrated instrument" (Hoeg Corp., 153 AD3d at 608; see Braten, 60 NY2d at 162). "A completely integrated contract precludes extrinsic proof to add to or vary its terms" (Matter of Primex Intl. Corp. v Wal-Mart Stores, 89 NY2d 594, 600 [1997]; see W.W.W. Assoc., 77 NY2d at 162; cf. Buffalo Newspress, Inc. v Coleman Communications Corp., 8 AD3d 969, 969-970 [4th Dept 2004]).
Defendants met their initial burden of establishing that the timber sale contract is a complete written instrument, and plaintiffs failed to raise a triable issue of fact in opposition (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The contract sets forth the parties, the address of the property, the contract period, the payment terms, and a description of the items sold (see Battista v Radesi, 112 AD2d 42, 42 [4th Dept 1985]). There is no reference to any other document or map (see Manufacturers Hanover Trust Co. v Margolis, 115 AD2d 406, 407 [1st Dept 1985]). Inasmuch as the contract constituted a complete, integrated agreement, plaintiffs may not rely on an alleged oral agreement to permit logging on the southernmost section of the property, permit logging on the middle section of the property only upon additional payment, and prohibit logging on the northernmost section of the property, to vary the terms of the contract. Indeed, one would expect the contract to embody any such restrictions on logging, and "[s]uch a collateral agreement cannot be separately enforced" (Braten, 60 NY2d at 162).
Inasmuch as the court should have granted that part of the motion seeking summary judgment dismissing the breach of contract cause of action against Upstate, we further conclude that the court should have granted those parts of the motion seeking summary judgment dismissing against Upstate the third, fourth, and fifth causes of action for, respectively, violation of RPAPL 861, conversion, and unjust enrichment. Those causes of action are all grounded in Upstate's alleged unauthorized logging operations. We therefore further modify the order accordingly.
Contrary to defendants' contention, however, the court properly denied that part of their motion seeking summary judgment dismissing the second cause of action, for fraud, against Upstate. We reject defendants' contention that the fraud cause of action was merely duplicative of the cause of action for breach of contract. "Where a party has fraudulently induced the plaintiff to enter into a contract, it may be liable in tort" (New York Univ. v Continental Ins. Co., 87 NY2d 308, 316 [1995]). Here, plaintiffs alleged that Upstate's agents made certain representations to plaintiffs in order to secure permission to log timber on the property, i.e., representations regarding the northernmost and middle sections of the property, that those representations were false and known by the agents to be false at the time they were made inasmuch as Upstate intended to log the entire property and not adequately compensate plaintiffs, and that plaintiffs relied upon those fraudulent misrepresentations to their detriment. The fraud cause of action was therefore not duplicative of the breach of contract cause of action (see Deerfield Communications Corp. v Chesebrough-Ponds, Inc., 68 NY2d 954, 956 [1986]).
Finally, we reject defendants' contention that the court erred in denying that part of their motion seeking summary judgment on their cross-claim for contractual indemnification. Fraud is an intentional tort (see Simcuski v Saeli, 44 NY2d 442, 451 [1978]; Gomez v Cabatic, 159 AD3d 62, 73 [2d Dept 2018]), and "[o]ne who intentionally injures another may not be indemnified for any civil liability thus incurred"
(Public Serv. Mut. Ins. Co. v Goldfarb, 53 NY2d 392, 399 [1981]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court