White Mgt. Corp. v Mountain Mart 105, LLC (2025 NY Slip Op 07128)

White Mgt. Corp. v Mountain Mart 105, LLC

2025 NY Slip Op 07128

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND HANNAH, JJ.

701 CA 24-01066

[*1]WHITE MANAGEMENT CORP., NORTH COUNTRY CHICKEN CORP., M & W FOODS, INC., AND M & W FOODS II, LLC, PLAINTIFFS-APPELLANTS,
v
MOUNTAIN MART 105, LLC, AND MOUNTAIN MART 106, LLC, DEFENDANTS-RESPONDENTS. 

SLEVIN & ASSOCIATES PLLC, ALBANY (KATHLEEN MCCAFFREY BAYNES OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
THOMPSON HINE LLP, NEW YORK CITY (BRIAN LANCIAULT OF COUNSEL), AND GOLDBERG SEGALLA LLP, FOR DEFENDANTS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Oneida County (Louis P. Gigliotti, A.J.), entered May 21, 2024. The order, among other things, granted in part the motion of defendants to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion seeking to dismiss the third cause of action insofar as it is predicated upon the allegations of plaintiff White Management Corp. that defendants breached the terms of the December 2020 oral agreement concerning renovations to the Dunkin' Donuts stores and reinstating the third cause of action to that extent, and denying that part of the motion seeking to dismiss the seventh through tenth causes of action and reinstating those causes of action, and as modified the order is affirmed without costs.
Memorandum: In this commercial contract dispute, defendant Mountain Mart 105, LLC (Mountain Mart Massena) owned commercial property in Massena, where plaintiff M & W Foods, Inc. operated a Dunkin' Donuts store pursuant to a lease executed in 2003. Defendant Mountain Mart 106, LLC (Mountain Mart Canton) owned commercial property in Canton, where plaintiff M & W Foods II, LLC operated a Dunkin' Donuts store pursuant to a lease executed in 2004. Both Dunkin' Donuts leases had similar provisions stating that Mountain Mart Massena and Mountain Mart Canton were responsible for, inter alia, repairs and replacements necessary to maintain the property in a safe, usable condition and good order.
In December 2020, defendants allegedly entered into an oral agreement (Remodel/Drive-Through Agreement) with plaintiff White Management Corp. (White Management) in which defendants agreed to renovate vacated restaurant spaces at the Massena and Canton properties so that plaintiff North Country Chicken Corp. (North Country) could lease the spaces and operate KFC restaurants. In particular, plaintiffs alleged that defendants agreed to construct drive-throughs at the properties and provide North Country with a "Vanilla Box" at each location so that KFC restaurants could be operated thereon. Plaintiffs further alleged that defendants agreed to pay for the cost of remodeling the existing Dunkin' Donuts stores and making improvements to the common areas at the Massena and Canton properties. Plaintiffs alleged that the parties agreed that White Management would manage the work and be reimbursed by defendants.
In June 2021, North Country entered into leases with Mountain Mart Massena and Mountain Mart Canton for North County to operate KFC restaurants. Pursuant to the KFC leases, defendants agreed to remove the existing infrastructure and deliver a "Vanilla Box" at both locations to North Country.
Plaintiffs commenced this action alleging that defendants reimbursed White Management only in part for the work and had refused to make further payments. In their complaint, plaintiffs alleged causes of action for breach of the leases (first, second, fourth, and fifth causes of action), breach of the Remodel/Drive-Through Agreement (third cause of action), account stated (sixth cause of action), unjust enrichment (seventh and eighth causes of action), and quantum meruit (ninth and tenth causes of action). Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), and plaintiffs cross-moved for leave to amend the complaint. Supreme Court granted that part of the motion with respect to the third and sixth through tenth causes of action and granted the cross-motion in part. Plaintiffs appeal.
On a motion to dismiss pursuant to CPLR 3211 (a) (7), we must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). "[A]ny deficiencies in the complaint may be amplified by supplemental pleadings and other evidence" (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005]), such as supporting affidavits (see Leon, 84 NY2d at 88). Further, "[d]ismissal under CPLR 3211 (a) (1) is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002] [internal quotation marks omitted]).
We agree with plaintiffs that the court erred in granting that part of the motion seeking to dismiss the third cause of action insofar as it is predicated upon White Management's allegations that defendants breached the terms of the Remodel/Drive-Through Agreement concerning remodeling the Dunkin' Donuts stores and making improvements to the common areas, and we therefore modify the order accordingly. Initially, the affidavit of White Management's president submitted in opposition to the motion stated that the Remodel/Drive-Through Agreement was made between White Management and defendants only, and thus the court properly dismissed the third cause of action to the extent it was asserted by the remaining plaintiffs. Relatedly, however, the court erred to the extent that it found that White Management was not a separate corporate entity from the parties to the leases inasmuch as that was an issue of fact " 'that cannot be resolved on [a] motion to dismiss' " (Cohen & Lombardo, P.C. v Connors, 169 AD3d 1399, 1401 [4th Dept 2019]).
Contrary to defendants' contention and the conclusion of the court, the fact that the Dunkin' Donuts leases prohibited oral modifications does not preclude White Management from relying on the Remodel/Drive-Through Agreement. The Dunkin' Donuts leases specifically placed the power of repairs, replacements, and improvements, and implicitly the costs, on defendants. Nothing in those leases prohibited defendants from entering into an oral agreement with another company to undertake those repairs and improvements. The Remodel/Drive-Through Agreement therefore did not modify any provision in the Dunkin' Donuts leases (see Gerard v Cahill, 66 AD3d 957, 959 [2d Dept 2009]; cf. Bridge St. Enters. v Pastino's Italian Grill, Inc., 43 AD3d 1306, 1307 [4th Dept 2007]). For the same reason, we reject defendants' reliance on General Obligations Law § 15-301 (see Gerard, 66 AD3d at 959).
Contrary to plaintiffs' further contention, however, the court properly granted that part of the motion seeking dismissal of the third cause of action insofar as it alleges breach of the Remodel/Drive-Through Agreement concerning constructing a drive-through and building a "Vanilla Box" for each KFC restaurant. The subsequently entered KFC leases contained merger clauses stating that each lease "constitutes the entire Agreement between the parties, and supercedes all prior agreements." The merger clauses preclude plaintiffs' reliance on the Remodel/Drive-Through Agreement with respect to the construction of the KFC restaurants (see Wilson v Dantas, 173 AD3d 460, 461 [1st Dept 2019], lv denied 34 NY3d 909 [2020]). It is well settled that "evidence of what may have been agreed orally between the parties prior to the execution of an integrated written instrument cannot be received to vary the terms of the writing" (Braten v Bankers Trust Co., 60 NY2d 155, 162 [1983], rearg denied 61 NY2d 670 [1983]; see Bero Contr. & Dev. Corp. v Vierhile, 19 AD3d 1160, 1161 [4th Dept 2005], lv dismissed 6 NY3d 772 [2006], lv denied 9 NY3d 808 [2007]). The Remodel/Drive-Through Agreement was "so clearly connected with the [leases] that the parties could have been expected to embody it in [those] writing[s] . . . [, and s]uch a collateral agreement cannot be separately enforced" (Braten, 60 NY2d at 162; see Lentner v Upstate Forestry & Dev., LLC, 222 AD3d 1369, 1370-1371 [4th [*2]Dept 2023]). Contrary to plaintiffs' contention, even though White Management was not a party to the leases, the parol evidence rule prohibits it from relying on the Remodel/Drive-Through Agreement to vary the terms of the KFC leases concerning the same subject matter (see generally Oxford Commercial Corp. v Landau, 12 NY2d 362, 365-366 [1963]). Indeed, the complaint makes clear that White Management was in privity with both defendants and North Country (see generally id. at 365).
We reject plaintiffs' contention that the court erred in granting that part of the motion with respect to the sixth cause of action, for account stated. " 'An account stated represents an agreement between the parties reflecting an amount due on a prior transaction . . . An essential element of an account stated is an agreement with respect to the amount of the balance due' " (Seneca Pipe & Paving Co., Inc. v South Seneca Cent. School Dist., 83 AD3d 1540, 1541 [4th Dept 2011]; see Hull v City of N. Tonawanda, 6 AD3d 1142, 1142-1143 [4th Dept 2004]; see generally Newburger-Morris Co. v Talcott, 219 NY 505, 512 [1916]). Here, the submissions of the parties, which plaintiffs do not contend fail to constitute proper documentary evidence (see AWL Indus., Inc. v New York City Hous. Auth., 237 AD3d 596, 596 [1st Dept 2025]), establish that there was a dispute about the balance of the indebtedness, and thus the sixth cause of action was properly dismissed.
We agree with plaintiffs, however, that the court erred in granting the motion insofar as it sought dismissal of the seventh through tenth causes of action, for unjust enrichment and quantum meruit, and we therefore further modify the order accordingly. "The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]; see Syracuse Community Health Ctr. v State of New York, 281 AD2d 939, 941 [4th Dept 2001]). However, where there is a dispute as to the existence of the contract or as to whether the contract covers the disputed issue, " 'the plaintiff may allege causes of action to recover for unjust enrichment and in quantum meruit as alternatives to a cause of action alleging breach of contract' " (Villnave Constr. Servs., Inc. v Crossgates Mall Gen. Co. Newco, LLC, 201 AD3d 1183, 1185 [3d Dept 2022]; see Milherst Constr., Inc. v Natale Bldg. Corp., 218 AD3d 1310, 1312 [4th Dept 2023]; Tutor Perini Corp. v State of New York, 209 AD3d 692, 698 [2d Dept 2022]; Beach v Touradji Capital Mgt. L.P., 85 AD3d 674, 675 [1st Dept 2011]). Inasmuch as there is a dispute as to the existence of the Remodel/Drive-Through Agreement and whether the leases cover the remodeling and construction projects, plaintiffs may plead the causes of action sounding in quasi contract in the alternative.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court